```
121     63
s79NW  978
130    682
130    683
```

## ROBERTS *v.* LOXLEY.

APPEAL—TAX SALES—VALIDITY.

Where on the hearing of a petition for a writ of assistance by the holder of a tax deed, and of a counter petition by the original owner to set aside the tax decree, the court refused to receive proofs offered by one of the parties, and the record on appeal taken by such party was insufficient to enable the Supreme Court to dispose of the case upon the merits, the order of the court below was vacated, and the case remanded, with directions to take such proofs.

Appeal from Bay; Maxwell, J. Submitted April 4, 1899. Decided July 11, 1899.

Petition by Clinton Roberts and George O. Crane for a writ of assistance under a tax deed, and counter petition by John E. Loxley to set aside the decree of sale. From an order vacating the decree, petitioners Roberts and Crane appeal. Reversed.

*Black & Brown*, for appellants.

*W. J. McCormick* (*Fatio Colt*, of counsel), for appellee.

MOORE, J. This case is here in a very unsatisfactory condition. The petitioners applied for a writ of assistance to get possession of lands which they had purchased of the State, and which Mr. Loxley claimed to own. The day of hearing was fixed, and notice of hearing served upon Mr. and Mrs. Monroe, who it is claimed were tenants of Mr. Loxley. Before the application for a writ of assistance was heard, Mr. Loxley filed a petition in which he claimed the tax proceedings were void, and prayed to have the decree set aside. An order was made staying all proceedings on the application for a writ of assistance, and giving the petitioners Roberts and Crane 10 days in which to answer Mr. Loxley's petition. They filed an answer to the petition, and served notice that upon the hearing they would take proofs in open court. It is their claim that upon the hearing they desired and offered to put in proofs which would support the allegations of the original petition, and disprove the averments of Mr. Loxley's petition, but the trial judge refused to allow them to offer any proof whatever, and vacated the original tax decree. In settling the case for this court, the trial judge returned:

"There is a rule in the circuit court of this county, in chancery, that the petition and answer and other pleadings in tax cases, the facts set forth and sworn to, and not denied by either party, are to be taken as admitted as true. The counsel in the case discussed the several matters before me, and from certain of the records from the county treasurer's office that were present in court, but no oral evidence was given in support of either of the petitions. Taking the undisputed facts as admitted, under the rule mentioned, I made the decree in the case. Attached to this finding, and made a part of it, are copies of the several petitions and answer, in order to save the great expense of the copying and printing of voluminous records of this whole case."

No return is made to this court in this case of the records from the county treasurer's office. We have, as the record, simply the pleadings.

It is the claim of the petitioners that, upon the case made by the pleadings, they are entitled to the writ of assistance. We cannot agree with counsel. Their petition shows that the petition of the auditor general for an order of hearing was filed on October 3, 1893; that April 30, 1897, they succeeded to the rights of the State, which it obtained by bidding in the lands pursuant to a decree made November 22, 1893. The petition is silent as to all that occurred between the filing of the petition and the obtaining of the decree. There is nothing in the petition to show that this decree was not rendered at the same term of court which was in session when the petition was filed, bringing it within the case of *Ledyard* v. *Auditor General, ante*, 56. We may take judicial notice of the fact that there was no regular term of court intervening between the filing of the petition and the making of the decree, but we cannot say there was no special term appointed for the hearing of the tax cases, which might take the case out of the decision in *Ledyard* v. *Auditor General*. The petitioners were entitled to have the testimony offered by them received in evidence, so that such a record could be made that this court could dispose of the case upon the merits. Inasmuch as we cannot do this upon the record as it stands, the decree of the court below is vacated, and the case remanded to the court below, with directions to hear the case upon proofs as well as the pleadings. The petitioners will recover costs of this court.

The other Justices concurred.