|122    21|
|141  436|

### BECK *v.* FINN.

1. TAXATION—PURCHASE OF STATE LANDS—WRIT OF ASSISTANCE
    A purchaser of state tax land may maintain an application for
    a writ of assistance to put him in possession of the premises
    and cannot be compelled to resort to an action at law.

2. APPEAL—OBJECTIONS NOT MADE BELOW.
    An objection not made below will not be considered on appeal

Appeal from Bay; Maxwell, J. Submitted October 24, 1899. Decided November 14, 1899.

Petition by Louis Beck against Maggie Finn for a writ of assistance. From an order dismissing the petition, petitioner appeals. Reversed.

*Albert McClatchey*, for petitioner.

*Simonson, Gillett & Courtright*, for respondent.

MOORE, J. At the annual tax sale held in Bay county in December, 1894, a parcel of land in Bay City, Mich., described as "Lot 4 of block 114, plat of Lower Saginaw," was bid off to the State for the taxes assessed thereon for the year 1892. The land was not redeemed. On the 18th of September, 1897, the petitioner, Louis Beck, purchased the land from the State, and on November 6, 1897, a deed conveying the same to him was issued by the auditor general. On January 18, 1898, he claims a notice in compliance with the provisions of section 140 of the tax law (Act No. 229, Pub. Acts 1897) was served on the respondent, Maggie Finn, the grantee under the last recorded deed of the land. On the 24th of April, 1899, the petitioner made application to the circuit court for the county of Bay, in chancery, for a writ of assistance to put him in possession of the land. The respondent was represented by counsel, but the petition filed in the cause was

not answered. The court made an order denying the application for a writ of assistance, giving as his reason therefor that he thought the question involved should be submitted to and disposed of by a jury. From this order the petitioner appeals.

It is now claimed by respondent that, even though the circuit judge gave a wrong reason for his disposition of the case, his decision ought to stand, because the petitioner made no sufficient showing to entitle him to the relief for which he prayed. To this argument petitioner replies that the circuit judge had adopted the following rule of practice: "That the petition and answer and other pleadings in tax cases, the facts set forth and sworn to and not denied by either party, are to be taken as admitted as true." He says no answer was made to his petition, and no opportunity was given to put in the testimony he was prepared to offer.

The circuit judge was in error in supposing that cases of this character should be tried only in an action at law (*Ball* v. *Ridge Copper Co.*, 118 Mich. 7); and there is nothing to indicate any question was raised before him that petitioner was not entitled to relief because he had not, by proof, made a case. The petitioner should be allowed to introduce such competent testimony as he desires in the case.

The decree is reversed, and the case remanded for further proceedings.

The other Justices concurred.