MARUSSA *v.* TEMEROWSKI.

1. SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—EQUITY—DE-
   CREE FOR DAMAGES.

   In a suit for specific performance of a land contract, where
   plaintiffs were entitled to a decree, but defendants could
   not perform because the premises involved had been sold
   to a *bona fide* purchaser, a decree for the amount of plain-
   tiffs' damages, *held*, equitable and should be affirmed, on
   appeal, unless there are insuperable legal objections:

2. APPEAL AND ERROR — SAVING QUESTIONS FOR REVIEW — CONDI-
   TIONAL DECREE.

   Where objection was made to the admission in evidence
   of a land contract, in a suit for specific performance,
   because the specific tax provided for by Act No. 91, Pub.
   Acts 1911 (1 Comp. Laws 1915, § 4268 *et seq.*), had not
   been paid, but the court did not dispose of the question,
   suggesting that it might be brought up again, which was
   not done, this court will require the payment of the tax
   as a condition of affirmance of the decree.

Appeal from Wayne; Chester, J., presiding. Sub-
mitted October 23, 1918. (Docket No. 103.) Decided
December 27, 1918.

Bill by Boleslaw Marussa and another against Frank
Temerowski and others for the specific performance
of a land contract. From a decree for plaintiffs, de-
fendants appeal. Affirmed, conditionally.

*William Friedman,* for plaintiffs.

*Anthony Nelson,* for defendants.

FELLOWS, J. On the 2d day of September, 1913,
defendants as vendors and plaintiffs as vendees en-
tered into a land contract for the sale of the premises
located at No. 1621 Jos. Campau Street, in the city
of Detroit. The contract was in the usual form. The

purchase price was $4,200, of which $1,000 down payment was acknowledged. Interest was to be paid semi-annually, December 10th and June 10th of each year; $100 on principal was due and payable at each interest period with the privilege of paying more, and the whole sum was payable in five years. There was a mortgage on the premises held by the Union Trust Company for $1,500. December 10th following, $73.05 was paid; this slightly exceeded the interest then due; $96 was paid June 10, 1914. Some time in May or June, 1914, the store building on the premises was practically destroyed by fire. The adjustment of the insurance does not appear to have been completed until the following fall when a check of the insurance company for $1,884.77 was turned over to the trust company. It deducted the amount due on its mortgage, $1,531, and the balance of $353.77 was applied on the land contract and a receipt therefor given. To this point the parties seem to be agreed as to the facts.

From this point on there is a decided conflict in the testimony, which largely revolves around the question of whether a forfeiture of the contract had been declared. We are clearly satisfied, however, that the parties themselves treated the contract as fully in force and binding upon them; that the defendants personally never took any steps to forfeit it, and regarded it as in force. Mrs. Temerowski, who appears to have acted for herself and husband, was called as an adverse witness under the statute and cross-examined at some length. Her testimony in many regards is unsatisfactory and not convincing. She does, however, testify that this transaction was a loan and frequently speaks of it as a mortgage. She says: "What I wanted to get was six per cent. interest on my money, and so long as I got my six per cent. I was satisfied." Whatever steps were taken looking to the forfeiture of the contract were taken by a man named Domzal-

ski, a real estate agent, who seems to have acted for the defendants in loaning money. His testimony conflicts with that given by the plaintiffs in material matters; it is also self-contradictory and differs from that given by Mrs. Temerowski in some regards. That he was desirous of forfeiting this contract is apparent as he had a cash customer for the premises at a sum considerably in advance of the amount due on the contract. He sent to plaintiffs by registered letter notice of forfeiture of the contract but the letters were not received by them and were returned to the writer. He commenced proceedings to recover possession before a circuit court commissioner and secured a judgment for restitution, but it is admitted plaintiffs were not personally served, and we are satisfied knew nothing of the proceedings. Other claimed attempts to forfeit the contract are denied by the plaintiffs. It is not seriously disputed but that a tender was made to Mrs. Temerowski of $1,470, the amount due on the contract, and a demand made for a deed and abstract, which was contracted to be furnished. Whether the money to make the tender was furnished by plaintiffs themselves or was advanced by one who expected to purchase of them after they had acquired title is unimportant. The abstract was then in the hands of Domzalski and it is quite probable he at that time had a power of attorney to transact business for the defendants. Shortly after the tender, the premises were sold by the defendants through Domzalski to defendant Krause for $2,400. Mrs. Temerowski testifies they only received $1,600 of this sum, the balance being retained by Domzalski. Domzalski denies this, but is unable to tell either from his books or his memory how much he got out of the transaction.

The bill as filed originally, as appears from the files in the clerk's office, was against defendants Temer-

owski alone. The relief sought was specific perform-
ance. Later the sale of the property to Krause was
learned and the amended bill making him a party was
filed. Outside the question to which we shall presently
refer, the questions involved must be determined upon
disputed and conflicting testimony. Time was not
made the essence of the contract, and the question
here is not so much a question of whether there had
been default in some of the provisions of the contract,
as it is whether there had been a forfeiture of the
contract, and whether the parties themselves did not
treat the contract as in full force until Domzalski
found a customer at a price nearly $1,000 above the
amount due on the contract. The trial judge was of
the opinion that plaintiffs had made a case for specific
performance against defendants Temerowski, and that
defendant Krause was a *bona fide* purchaser of the
premises. With both of these conclusions we agree.
The defendants Temerowski, having parted with their
title to the premises, could not specifically perform
their contract with plaintiffs. The court therefore en-
tered a decree for the amount of their damages. We
do not understand it to be claimed that such a decree
was not proper under the findings of the court. Nor
is it pointed out, and we do not discover, that it is in-
correct in amount. The court, having acquired juris-
diction of the case and the parties, should dispose of
the controversy. The decree was a most equitable
one. Unless there are insuperable legal objections it
should be affirmed.

When plaintiffs' counsel offered the contract in evi-
dence it was objected to by counsel for defendant
Krause. The ground of objection being that the spe-
cific tax provided for by Act No. 91, Pub. Acts 1911
(1 Comp. Laws 1915, § 4268 *et seq.*), had not been
paid. There was some discussion of the question, but
the court did not dispose of it and suggested that it

might be brought up again. The record does not disclose that the attention of the court was again challenged to it. It is here urged by the appealing defendants that the court should have declined to receive the contract in evidence and that the decree based upon it should not stand. Plaintiffs are seeking the enforcement of this contract and we are not here concerned with the question of which party should pay the specific tax provided for in this act; nor have we a case before us where the court has finally decided against objection that an instrument within the purview of that act is admissible in evidence without the payment of a specific tax, and that it furnishes the basis for affirmative relief. Undoubtedly, had the objection been insisted upon, the trial court on the authority of *Nelson* v. *Breitenwischer,* 194 Mich. 30, would have required the payment of the specific tax before the case was proceeded with. In *Lake Erie Land Co.* v. *Chilinski,* 197 Mich. 214, we declined to consider this question where it was raised for the first time in this court in a reply brief. Here the point was made in the court below but the decision of the question was postponed. We think under the circumstances the tax should be paid as a condition of affirmance of the decree, and that the case should not be reversed on this question alone.

The decree of the court below will be affirmed on the payment of the specific tax within 30 days, otherwise it will be reversed. No costs will be allowed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.