DENBY v. ELLIS.

1. TAXATION—MORTGAGES—FORECLOSURE.

A motion to set aside a foreclosure decree because the mortgage tax had not been paid was properly denied where the tax was paid before the motion was brought on for hearing.

2. EQUITY—REHEARING—EXTENSION OF TIME—COURT RULES.

A motion for an extension of time within which to move for a rehearing was properly denied under Circuit Court Rule No. 56, § 1, where made more than four months after decree was entered.

3. SAME—SHOWING OF FRAUD AS GROUND FOR REHEARING.

Even when fraud is alleged as the ground upon which a rehearing is sought after expiration of the four-month limitation fixed by Circuit Court Rule No. 56, § 1, it ought not to be granted unless there is reason to believe from the showing made that the charge of fraud can be maintained.

4. MORTGAGES—FORECLOSURE—SUFFICIENCY OF SHOWING OF FRAUD AS GROUND FOR REHEARING.

Showing of fraud in the sale of a large tract of land in misrepresenting the total acreage, held, insufficient to justify granting a motion for rehearing made more than four months after entry of foreclosure decree, or extending the time within which to make an application therefor (Circuit Court Rule No. 56, § 1).

Appeal from Wayne; Johnson (Clayton C.), J., presiding. Submitted October 4, 1928. (Docket No. 72, Calendar No. 33,982.) Decided December 4, 1928.

Bill by Edwin Denby and another against Warren E. Ellis for foreclosure of a land contract: On motion of defendant for rehearing after decree for plaintiffs. From an order denying the motion, defendant appeals. Affirmed.

*Denby, Kennedy & Kennedy,* for plaintiffs.

*Herbert C. Munro (H. E. Spalding,* of counsel), for defendant.

NORTH, J.   The plaintiffs herein were vendors in a land contract dated January 12, 1927, whereby they contracted to sell and convey to the defendant eight parcels of land in Wayne county, Michigan, for a consideration of $1,837,500, of which $30,000 was paid before the execution of the contract.   Further payments were to be made as follows:   $20,000 March 1, 1927; $391,000 April 5, 1927; and the balance in annual instalments of $139,650, the final payment being due November 5, 1934.   Neither the March nor the April payment was made, and a bill for foreclosure was filed by the vendors April 12, 1927.   A hearing was had and a decree of foreclosure was signed and entered October 13, 1927, and enrolled November 9th following.   There was a sale of the premises February 4, 1928, for $1,235,000. By stipulation, the amount of the deficiency decree taken against the defendant was limited to $400,000.

On the day of the sale the defendant filed a motion to set aside the decree of foreclosure on the ground that the mortgage tax had not been paid. Later (March 20, 1928) the defendant also made a motion for a stay of the confirmation of the mortgage sale and for an extension of time within which to move for a rehearing, setting up that he had been induced to enter into the contract with the plaintiffs by a misrepresentation that the parcels of land in question contained 1,000 acres, when in fact there were only 873 acres.   These motions were denied, and the defendant has appealed.

The mortgage tax amounting to $9,037.50 was paid by the plaintiffs before the motion to set aside

the foreclosure decree was brought on for hearing in the lower court. The motion was properly denied. *Marussa* v. *Temerowski,* 204 Mich. 271. And, further, the appellant seems to have abandoned his appeal from the order so entered by failure to present it in his brief filed in this court.

The defendant's motion for an extension of time within which to move for a rehearing was made more than four months after the decree of foreclosure was entered. Circuit Court Rule No. 56, § 1, provides:

"No application for such rehearing shall be heard unless filed within four months from the entry of the final decree."

In *Union Trust Co.* v. *Detroit Trust Co.,* 240 Mich. 646 (quoting syllabus), it is said:

"Under Circuit Court Rule No. 56, rehearing may not be granted after the lapse of four months from entry of final decree, in the absence of a showing of fraud."

As indicated above, the fraudulent misrepresentation here urged by the appellant, and which he says he believed and relied upon, is that he was told by the plaintiffs or their agents that there were 1,000 acres of land in the eight parcels covered by this contract; and he further asserts that he saw upon the premises a signboard which read: "This 1,000 acres to be developed by Kirby, Sorge, Felske Company." By a survey made just before this motion was filed it was determined that there were only 873 acres, and Mr. Ellis claims it was then he first learned of the shortage. The appellant asserts that the price was made on an acreage basis of $1,750 per acre, to which was added $87,500 to be paid as commission. The plaintiffs deny making the misrepre-

sentation charged, and deny that the price made was on an acreage basis, and assert that instead a net price of $1,750,000 was fixed, and the amount of the commission was added. Numerous affidavits were submitted in support of these conflicting claims, and they are made a part of the record. We shall not attempt to review them in detail. We have examined the record carefully, and are convinced that it is not sufficient to sustain the defendant's claim. The properties in question are traversed by five rights of way for highways, railroads, and an electric railway, and have a frontage upwards of a mile in length on the Detroit river. This makes the exact area uncertain, both because of the irregular shape of some of the parcels and because the parties unquestionably contemplated adding to the area by filling in many acres of the low and flooded lands. But abstracts and a blueprint which appellant possessed and of which he made use before the foreclosure case was heard, gave the acreage with reasonable certainty. From the blueprint and abstracts it clearly appeared that the total area, exclusive of the submerged land, was less than 1,000 acres. There is a showing that the appellant, in the presence of a Mr. Joseph Kennedy, "figured out" from the blueprint the acreage involved. He also obtained, in November, 1926, a guaranty policy covering title to the land which embodied information as to acreage. The contract contained no reference to a price made on an acreage basis; and it seems highly incredible that this amount of land with irregular boundaries would have been purchased through experienced real estate operators by a man of large means and business experience at a price of $1,750 per acre without a survey being made to ascertain the actual area, and without any provision being placed in the contract

of purchase for an adjustment of the price in accordance with the shortage or excess of acreage when ascertained.

Even when fraud is alleged as the ground upon which a rehearing is sought after the expiration of the four-month limitation fixed by the rule, it ought not to be granted without there is reason to believe from the showing made that the charge of fraud can be sustained. *Day* v. *Cole,* 65 Mich. 154, 161. The decree which the defendant here seeks to have set aside upon a rehearing was entered by consent of the attorneys for the respective parties. We think on the merits the record is not such as to justify granting a rehearing or extending the time within which to make an application therefor.

The order of the lower court is affirmed, with costs to the appellees.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDON-ALD, POTTER, and SHARPE, JJ., concurred.