NAYLOR v. WASHTENAW CIRCUIT JUDGE.

1. Equity—Rehearing Limited to Four Months After Entry of Decree—Court Rules.

Under Circuit Court Rule No. 56, § 1, rehearing of equitable action may not be granted after four months from entry of final decree, in absence of showing of fraud; and even on allegation of fraud, rehearing should not be granted after expiration of four months' limitation, unless there is sufficient showing that charge of fraud can be sustained.

2. Same—Rehearing—Trial Judge Should Decide Motion—Mandamus.

Motion for rehearing of suit for annulment of marriage, made more than four months after entry of final decree, alleging fraud, should have been referred to judge who heard suit and was familiar with facts of case, where he was available and

willing to act (3 Comp. Laws 1915, § 12139), rather than to judge who was not familiar with case; and mandamus is granted directing that said motion be so referred.

Mandamus by Edna Naylor to compel Frank L. Covert, acting Washtenaw circuit judge, to vacate an order granting a rehearing. Submitted April 22, 1930. (Calendar No. 34,681.) Writ granted June 2, 1930.

*John P. Kirk,* for plaintiff.

*V. E. Van Ameringen, Frank B. Devine,* and *Louis E. Burke,* for defendant.

BUTZEL, J. Relator petitions for mandamus to compel Hon. Frank L. Covert, acting circuit judge for Washtenaw county, to vacate and set aside a certain order of July 19, 1929, in which he granted a motion for a rehearing in a case wherein Francis C. Naylor was plaintiff and relator was defendant, and further asks that an order be entered directing said circuit judge not to grant said motion for rehearing but to refer it to Hon. Guy A. Miller, circuit judge, for determination. The following allegations are set forth in the petition:

The said relator married Francis C. Naylor on January 28, 1926, at Wayne, Michigan, and on the 18th day of March following, a child was born to relator. She claims that Francis C. Naylor is the father of said child. On June 22, 1926, the said Francis C. Naylor filed a bill of complaint in the circuit court for the county of Washtenaw asking for annulment of the marriage, and alleging that he had been kidnapped at Ann Arbor, Michigan, and forcibly taken to Wayne, Michigan, and while the kidnappers covered him with guns, he was forced to

marry relator before a justice of the peace, who had been sent for. Relator, in her answer to the annulment suit, absolutely denied these charges, and claimed that there was no duress whatsoever exercised. The suit was heard in the city of Ann Arbor, in the county of Washtenaw, in the month of May, 1927, before Hon. Guy A. Miller, one of the judges of the Wayne circuit court, who had been directed to hear the case. After a hearing, Judge Miller found the charges untrue, and dismissed the bill of complaint. Naylor also made a criminal complaint against one Joseph Galbo, as one of the alleged kidnappers, but Galbo was discharged by a justice of the peace after a hearing. Relator caused the arrest of Naylor for nonsupport. He was bound over to the circuit court for the county of Wayne. He paid relator the sum of $2,711 for support, expenses of doctors, nurses, and hospital, up to June 28, 1927, and further agreed to pay the sum of $25 a week from that time on. After paying this sum for two weeks Naylor left the State and took up his residence in Texas, where he filed a new bill for the annulment of the marriage. Relator claims that she did not learn of the filing of this bill until she instituted a second criminal suit against Naylor for abandonment. He was thereupon bound over to the circuit court by one of the justices of the peace in the city of Detroit. He first pleaded guilty, but changed his plea, and, upon a trial before Hon. Harry J. Dingeman, Wayne circuit judge, he was found not guilty.

On the 27th day of March, 1929, Naylor filed a petition in the circuit court for the county of Washtenaw for a rehearing of the annulment case. He based his claim for rehearing on the affidavit of one Howard Schrader, who had been married to a sister of relator but had been divorced from her.

Schrader stated in his affidavit that, in accordance with his instructions, he brought the justice of the peace to perform the marriage ceremony between Naylor and his wife; and he further substantiates many of the claims of Naylor as set forth in his petition for annulment. Naylor's petition or motion for rehearing was referred to Hon. Harry J. Dingeman, as presiding circuit judge of the State, who assigned the hearing of the petition to Judge Covert, respondent herein. Relator seeks by mandamus to direct Judge Covert to refer the petition for rehearing to Judge Miller for determination.

Circuit Court Rule No. 56, § 1, provides:

"On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within four months from the entry of the final decree."

Notwithstanding this rule, in exceptional cases a rehearing has been granted by a circuit judge *sua sponte* after the four months when the decree has not been enrolled. *Hughes* v. *Wayne Circuit Judge,* 239 Mich. 110.

A rehearing may not be granted after the lapse of four months from entry of final decree, in the absence of a showing of fraud. *Union Trust Co.* v. *Detroit Trust Co.,* 240 Mich. 646. Even upon the allegation of fraud, a rehearing should not be granted after the expiration of the four months' limitation fixed by the rule, unless there is a sufficient showing that the charge of fraud can be sustained. *Denby* v. *Ellis,* 245 Mich. 124.

One thoroughly familiar, not only with the testimony but with the manner in which it was given at the original hearing of the case, can best tell whether there is such a showing of fraud so as to grant an order for rehearing. Schrader was not a witness

when the case was heard by Judge Miller. He was absent from the jurisdiction. The record shows that he has since quarreled with his wife's family. His affidavit, however, if true, might tend to impeach him as a witness. It does raise a question of fraud, however, and whether the charges can be sustained or not can be determined upon the motion for rehearing, by a judge who is familiar with the case, to whom the motion should have been referred. For obvious reasons it was absolutely improper to refer the motion for rehearing to respondent, who had not heard the case, instead of to Judge Miller, who was familiar with it, who had seen and heard the witnesses, and who was both available and willing to act. The motion for rehearing virtually sought the vacating of the decree entered in the case by Judge Miller.

Section 12139, 3 Comp. Laws 1915, provides:

"And no order or decree shall be set aside or vacated except by the judge making the same, unless said judge shall be absent or unable to act."

The writ of mandamus is granted, and the Hon. Frank L. Covert, acting circuit judge for Washtenaw county, is directed to vacate and set aside the certain order of July 17, 1929, granting a rehearing, and he is further directed to refer the petition for rehearing to Hon. Guy A. Miller as acting circuit judge for Washtenaw county for determination, and if said petition is granted, to rehear said case, with costs.

WIEST, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.