CENTRAL TRUST CO. *v.* BREITENWISCHER.

1. MORTGAGES—FORECLOSURE—FRAUD—COMMISSIONER'S DEED.

Petition to set aside commissioner's sale on foreclosure of mortgage, on ground of fraud, was properly denied, where mortgagors' claim that their failure to appear and contest foreclosure proceedings was induced by fraudulent representations and promises is not sustained by record.

2. SAME—CORRECTING IRREGULARITY IN COMMISSIONER'S DEED.

Where commissioner legally adjourned sale to June 18th, on which date sale was had, error in his report to court and in deed stating that adjournment was to June 19th was harmless irregularity, correction of which was properly permitted on hearing on mortgagors' petition to set sale aside.

3. SAME—DEFAULT JUDGMENT—REHEARING—FRAUD.

Where mortgagors failed to appear and contest foreclosure proceedings, they are not entitled to rehearing, in absence of fraud, after lapse of two months from entry of final decree; especially where record fails to show that they had meritorious defense had they appeared.

Appeal from Ingham; Carr (Leland W.), J. Submitted July 21, 1932. (Docket No. 175, Calendar No. 36,624.) Decided September 16, 1932.

Bill by Central Trust Company, as trustee, against Louis F. Breitenwischer and another to foreclose a mortgage. Decree for plaintiff. On petition of defendants to set aside commissioner's sale and for an accounting. From order denying petition, defendants appeal. Affirmed.

*Shields, Silsbee, Ballard & Jennings* (*Raymond W. Starr,* of counsel), for plaintiff.

*Albert McClatchey, Corie C. Coburn,* and *James R. Garber,* for defendants.

McDONALD, J.   The plaintiff was substituted as trustee in a trust mortgage given by the defendants to the City National Bank of Lansing. Because of default in the payment of interest and taxes it filed a bill to foreclose. Summons was duly served on the defendants, but they did not appear. Their default was taken, and on January 16, 1931, after proofs in open court, a decree of foreclosure was entered. Pursuant to this decree the circuit court commissioner regularly advertised and sold the premises on June 18, 1931. Following the usual proceedings the sale was confirmed by the court. The commissioner's deed was executed and recorded. The equity of redemption expired on December 19, 1931. The defendants had notice of all the proceedings but did not appear or object thereto until action was commenced to oust them of possession. Then, in January, 1932, they filed a petition to set aside the sale, to cancel the commissioner's deed, and to have an accounting of the amount due under the

mortgage. On the hearing of this petition testimony was taken and an order of denial entered. The defendants have appealed.

The chief reason assigned by the defendants for a rehearing is that their failure to appear and contest the foreclosure proceedings was induced by the fraudulent representations and promises of the plaintiff that it would refinance defendants and protect their interests in the property if they did not appear and make a contest. On this question the trial court found that no such representations or promises were made, and we fully agree with his findings.

The sale was advertised and conducted in all respects in strict accordance with the statute, but, in his report to the court, the commissioner mistakenly stated that he had adjourned the sale to the 19th of June instead of to the 18th. The same error appears in the deed. The adjournment in fact was legally made to the 18th, and the sale was held on that day. This was a harmless irregularity which the court properly allowed the commissioner to correct on the hearing of defendants' petition.

No other questions require discussion. If defendants had appeared in the foreclosure proceedings, the record does not show that they had any defense of merit. In any event they were not entitled to a rehearing, in the absence of fraud, after the lapse of two months from the entry of the final decree. Circuit Court Rule No. 48; *Union Trust Co.* v. *Detroit Trust Co.*, 240 Mich. 646.

The decree of the trial court is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. SHARPE, J., did not sit.