NORTH BRANCH OIL & GAS CO. *v.* HODGES.

1. TAXATION—PURCHASER'S RIGHT TO WRIT OF ASSISTANCE—RE-
HEARING.

Issue presented in chancery proceeding to obtain writ of assist-
ance by purchaser at tax sale *held,* same as in subsequent
proceeding by owner to set aside order for writ of assistance
and writ, hence latter proceeding is an attempt to rehear and
readjudicate purchaser's right to writ of assistance (1 Comp.
Laws 1929, § 3464, as amended by Act No. 290, Pub. Acts
1931).

2. SAME—WRIT OF ASSISTANCE—INDEPENDENT ACTION.

Writ of assistance may be obtained by tax purchaser in tax
suit instituted in circuit court by auditor general and he need
not institute an independent suit therefor (1 Comp. Laws
1929, § 3464, as amended by Act No. 290, Pub. Acts 1931).

3. SAME—CAPTION—IRREGULARITIES—QUESTIONS REVIEWABLE.

Irregularity in entitling cause as an independent proceeding
when it was treated by all parties concerned as petition for
writ of assistance in original tax proceedings *held,* raised too
late when not brought to attention of trial judge at time of
hearing nor until subsequent proceeding before another judge
tantamount to attempt to rehear matter (1 Comp. Laws 1929,
§ 3464, as amended by Act No. 290, Pub. Acts 1931).

4. SAME—WRIT OF ASSISTANCE—JURISDICTION.

Tax purchaser's petition for writ of assistance *held,* part of tax
proceeding within jurisdiction of trial judge hearing petition
where such case was not docketed as a separate case, court
did not require entrance fee to be paid, petition was placed
among other tax papers by clerk and trial court, in order
for writ, recited in detail tax proceedings upon which writ
was based (1 Comp. Laws 1929, § 3464, as amended by Act
No. 290, Pub. Acts 1931).

5. SAME—WRIT OF ASSISTANCE—REHEARINGS—COURT RULES.

Petition by owner to set aside order for writ and writ of assist-
ance to tax purchaser, treated as an attempt to rehear and
readjudicate tax purchaser's right to such writ *held,* improp-

erly granted where instant petition not filed within time permitted by court rule for filing applications for rehearing in chancery cases, notwithstanding owner did not enter an appearance in proceedings under which writ was granted, where she had been served with a notice of the hearing and was present in court room when hearing incident to issuance of writ was had (1 Comp. Laws 1929, § 3464, as amended by Act No. 290, Pub. Acts 1931; Court Rule No. 48, § 1 [1933]).

6. SAME—WRIT OF ASSISTANCE—REHEARING—FRAUD—PLEADING—EVIDENCE.

Owner's claim of fraud upon court in proceeding by tax purchaser to procure writ of assistance, urged on owner's petition to set aside writ about two years after issuance of writ and possession by purchaser, *held*, neither sufficiently pleaded nor proved (1 Comp. Laws 1929, § 3464, as amended by Act No. 290, Pub. Acts 1931).

Appeal from Lapeer; Cramton (Louis C.), J. Submitted April 13, 1937. (Docket No. 55, Calendar No. 39,355.) Decided June 7, 1937. Rehearing denied September 1, 1937.

Petition by North Branch Oil & Gas Company, a Michigan corporation, against Alice Hodges for a writ of assistance under a tax title. Writ granted. On petition of Alice Hodges to set aside order granting such writ and for other relief. Decree for defendant. Plaintiff appeals. Reversed.

*Glen Smith* (*Shields & Smith,* of counsel), for plaintiff.

*James H. Crudgington* and *Dayton W. Closser,* for defendant.

NORTH, J. Alice Hodges was the owner of an 80-acre farm in Lapeer county. This property was sold to the State for delinquent taxes and on the 10th day of August, 1932, plaintiff herein, the North Branch Oil & Gas Company, having paid the re-

quired tax moneys to the State, received from the
auditor general of the State a tax deed of the prem-
ises. Notice to redeem was served, proof of such
service filed, and the statutory period for redemp-
tion expired. Thereafter, plaintiff filed a petition
in the circuit court of Lapeer county in chancery
for a writ of assistance. Hearing was had before
Judge Paul V. Gadola, presiding in the circuit court
in Lapeer county, and the writ of assistance was
issued. The officer's return to the writ shows that
he executed it by placing plaintiff in possession.
Counsel seem to agree that there was execution of
the writ on July 5, 1933, notwithstanding, as printed
in the record, service is shown to have been on
May 5, 1933. Substantially two years later (June 29,
1935) the petition now before the court was filed by
Alice Hodges, and in consequence of facts and cir-
cumstances set forth she sought relief which is noted
in detail hereinafter. Answer to the petition was
filed by the North Branch Oil & Gas Company, a
Michigan corporation. After hearing before Hon-
orable Louis C. Cramton, decree was entered in
which the order of Judge Gadola, dated April 10,
1933, granting the writ of assistance as hereinbefore
noted, and the writ of assistance itself, were held to
be null and void and were set aside. The North
Branch Oil & Gas Company has appealed.

Numerous reasons are assigned in support of the
appeal, but the fundamental question presented is
this: Did Judge Cramton have a right to hear and
determine the questions presented by Alice Hodges
in her petition filed on the 29th of June, 1935?
Appellant considers this petition as an attempt to
secure a rehearing on the petition heard and de-
cided by Judge Gadola on April 10, 1933. Appellee
insists this is not a petition for rehearing; but on

the theory that Judge Gadola's order for a writ of assistance was null and void, petitioner now, as stated in her brief, "Asks that the court either set aside the order granting the writ of assistance issued * * * or that the court set aside the order to the extent of permitting appellee to file her answer tendered * * * and have a hearing thereon."

Notwithstanding appellee's contention to the contrary, clearly this is an attempt to rehear and readjudicate the very issue heard and decided by Judge Gadola—*i. e.* plaintiff's right to a writ of assistance.

We make no point of the fact that the instant hearing in the circuit court of Lapeer county was before Judge Cramton instead of having been before Judge Gadola, who was called in to hear the former petition in the Lapeer circuit court in the place of Honorable Henry H. Smith, then circuit judge of Lapeer county.

Appellee's contention that the present proceeding is not a petition for a rehearing is based primarily upon the claim that Judge Gadola did not obtain jurisdiction of the parties or of the subject matter because a proper proceedings by which to secure the writ of assistance was not instituted in the court. This contention of appellee cannot be sustained. It is not necessary to institute an independent suit in order that the tax purchaser may obtain a writ of assistance. Instead a petition for the writ may properly be filed in the tax suit instituted in the circuit court by the auditor general. This matter of practice was detailed by this court in *Ball* v. *Ridge Copper Co.*, 118 Mich. 7. There a petition for a writ of assistance was filed by the holder of the tax title "in a proceeding by the auditor general of the State in the Ontonagon circuit

court, in chancery, for the sale of certain lands delinquent for taxes.'' It is pointed out in the opinion that provision is made in the statute for the issuance of a writ of assistance as a means provided by the legislature to enable the court to carry its decree into effect. See 1 Comp. Laws 1929, § 3464 (amended by Act No. 290, Pub. Acts 1931). In each of the following cases the record discloses that the petition for writ of assistance was filed in the tax proceedings: *Mann* v. *Carson,* 120 Mich. 631; *Roberts* v. *Loxley,* 121 Mich. 63; *Beck* v. *Finn,* 122 Mich. 21.

The record before us shows that the petition for the writ of assistance in the instant case was considered by all parties concerned as having been filed in and constituting a part of the original tax proceedings. It is true the petition was not so entitled, but instead was entitled as is the instant case. But it is too late to raise that technical objection at this time, nothing having been claimed for the irregularity when the matter was being heard before Judge Gadola. That the matter was considered as a part of the tax proceedings is evidenced by the fact that a separate case was not docketed, nor did the court require the payment of an entrance fee. Instead appellant's petition was placed by the clerk of the court with other tax papers. Further in his order for the writ of assistance Judge Gadola recited in detail the proceedings taken in the tax case in consequence of which appellant was entitled to the writ of assistance. Because it was so considered and treated by the court, we must hold that the petition for the writ of assistance was filed in and as part of the tax proceedings. Judge Gadola had jurisdiction of both the subject matter and the parties. His order for the issuance of the writ of assistance might

have been reviewed in this court, but no appeal was taken.

As bearing upon whether the instant proceedings is an attempt to rehear and re-adjudicate the issue submitted to Judge Gadola, the following from appellee's prayer for relief is quoted:

"1. That the order dated April 10, 1933, granted (granting) unto petitioner in the above entitled cause (appellant herein), a writ of assistance, be set aside and held for naught.

"2. That the writ of assistance issued out of and under the seal of this court, based upon aforesaid order, dated April 10, 1933, be vacated, set aside and held for naught.

"3. That the petition in the above entitled cause be dismissed or that petitioner be permitted to file her answer produced herewith in said cause, and have a hearing in open court upon said petition and said answer."

More than two years after Judge Gadola had made his order, appellee filed her present petition from which we have quoted above and as therein disclosed tendered an answer to the former petition. She seeks to raise the identical issue presented by the petition heard by Judge Gadola.

It is true appellee herein did not enter an appearance in the proceedings had before Judge Gadola; but she had been served with a notice of the hearing and was present in the court room when the hearing was had incident to which the writ of assistance was issued. The time within which an application for a rehearing may be made in an equitable action is fixed by court rule.

"On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within two

months from the entry of the final decree, except where application is made on the ground of newly-discovered evidence, in which case the application must be filed within four months." Court Rule No. 48, § 1 (1933).

See, also, *Naylor* v. *Washtenaw Circuit Judge,* 250 Mich. 698; *Central Trust Co.* v. *Breitenwischer,* 259 Mich. 532; and *Weber* v. *Enoch C. Roberts Iron Ore Co.,* 270 Mich. 38.

There is no merit to appellee's contention that she is entitled to a rehearing on the ground that a fraud was perpetrated upon the court at the time of the earlier hearing before Judge Gadola. The extent of her attempt along this line is to allege upon information and belief that Judge Gadola's issuance of the writ of assistance was void "Because the process of the court was procured and used in a fraudulent manner and that the court was deceived thereby." Obviously, instead of being a proper allegation of fraud the foregoing is a statement upon information and belief of the petitioner's conclusions. There was neither sufficient allegation nor proof of fraud to justify relief upon that ground even had the petition been timely filed.

In her present petition appellee presents additional facts and circumstances which she now urges both as legal and equitable reasons why the issuance of the writ of assistance should not have been ordered by Judge Gadola; but each of these, so far as they have a material bearing upon the issue, could have been and should have been presented to the court at the first hearing. For that reason we do not here review them in detail. Appellee gives no legitimate excuse or reason for not having presented these matters at the hearing in 1933. Such practice cannot be tolerated, otherwise there would

be no assurance of finality in a court's adjudications and no end to litigation. *Hughes* v. *Wayne Circuit Judge,* 239 Mich. 110, 115.

The present proceeding is an improper attempt to secure a rehearing of the matters adjudicated by Judge Gadola. A decree will be entered in this court dismissing appellee's petition, with costs of both courts to appellant.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.