LANTINGA v. LANTINGA.

1. EQUITY—REHEARING—COURT RULES—FRAUD.
    Court rule restricting time within which application for rehearing of an equitable action may be filed is not to be strictly applied in cases where the judgment or decree was fraudulently obtained (Court Rule No. 48, § 1 [1945]).

2. DIVORCE—FRAUD—SETTING ASIDE PRO CONFESSO DECREE.
    Where plaintiff perpetrated a fraud upon trial court by deliberately leading the court to believe that since the alleged date of separation that plaintiff and defendant to suit for divorce had not cohabited as husband and wife, contrary to the fact, suppressed matters which he knew had a material bearing upon the settlement of property rights and obtained the decree through collusion, pro confesso decree was properly set aside on defendant wife's petition therefor, especially where the welfare of an infant daughter of the parties is. involved, although not applied for until more than 6 months after decree was entered and some 4 months after husband had remarried (Court Rule No. 48, § 1 [1945]).

Appeal from Wayne; Miller (Guy A.), J. Submitted February 18, 1947. (Calendar No. 43,527.) Decided May 16, 1947.

Bill by Al Lantinga against Eva Lantinga for divorce on ground of extreme and repeated .cruelty. Cross bill by defendant against plaintiff for divorce for extreme and repeated cruelty. Decree for plaintiff. Motion by defendant to set aside decree for fraud in its procurement. Plaintiff reviews order granting motion by appeal in nature of certiorari and mandamus. Affirmed.

*Irving Goldsmith* (*Stewart A. Ricard,* of counsel), for plaintiff.

*Dudley E. Whiting* and *Allen H. Blondy.* (*Joseph J. Geraci,* of counsel), for defendant.

NORTH, J.   In this divorce case plaintiff was granted leave to appeal in the nature of mandamus with accompanying certiorari from an order of the trial court setting aside a *pro confesso* decree of divorce granted to plaintiff and permitting defendant to file an answer and cross bill. The relief sought on this appeal is that this Court order the trial court to vacate the above-mentioned order. Plaintiff asserts that by reason of Court Rule No. 48, §1 (1945), the trial court was without power to set aside its former decree. The pertinent portion of the rule reads:

"SECTION 1. On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within 2 months from the entry of the final decree, except where application is made on the ground of

newly-discovered evidence, in which case the application must be filed within 4 months."

The decree of divorce was entered August 22, 1945. Defendant's petition to have the decree set aside was filed March 7, 1946. Obviously defendant's petition was filed more than 4 months after entry of the decree; but in construing and applying Court Rule No. 48 (or former rules of like purport) we have repeatedly held either expressly or by plain implication that the rule should not be strictly applied in cases where the judgment or decree was fraudulently obtained. See *John W. Masury & Son* v. *Lowther*, 299 Mich. 516; *Geib* v. *Kent Circuit Judge*, 311 Mich. 631. In *Naylor* v. *Washtenaw Circuit Judge*, 250 Mich. 698, we said:

"A rehearing may not be granted after the lapse of four months from entry of final decree, *in the absence of a showing of fraud. Union Trust Co.* v. *Detroit Trust Co.*, 240 Mich. 646."

See, also, *Central Trust Co.* v. *Breitenwischer*, 259 Mich. 532; *Stabley* v. *Reliable Lumber & Wrecking Corp.*, 286 Mich. 558. And in *Fries* v. *Wonnacott*, 270 Mich. 86, we said:

"In *Hughes* v. *Wayne Circuit Judge*, 239 Mich. 110, we held that although the right of the party to move for a rehearing was lost after the prescribed period had expired, this did not mean that the court no longer had power over its own decrees, and the court might order a rehearing *sua sponte*."

To hold otherwise than indicated in the above cited cases would be to defeat rather than to administer justice. In the instant case, the record is replete with a showing of fraud on the part of plaintiff in the conduct of the divorce proceedings, and that showing under oath by defendant is not met by any counter-showing by plaintiff under oath.

Plaintiff perpetrated a fraud on the trial court by deliberately leading the court to believe that since the alleged date of separation plaintiff and defendant had not cohabited as husband and wife, whereas such cohabitation continued during a large portion of time intervening between commencement of suit and the hearing in court. Plaintiff also suppressed matters which he knew had a material bearing upon the settlement of property rights and thereby deceived and misled the court, and in consequence thereof the trial court should have a right to reconsider such issues to the end of reaching an equitable result. And to some extent the record now discloses that plaintiff obtained the decree of divorce through collusion which plaintiff did not disclose at the hearing.

In the instant case it should not be overlooked that the final outcome involves the welfare of an infant daughter of these parties. The fact that plaintiff married another woman about two months after the date of the decree does not in itself bar a rehearing. *Czyzewski* v. *Czyzewski*, 304 Mich. 402.

The factual background of the instant case is materially different from *Kutiej* v. *Kutiej*, 317 Mich. 269. In the *Kutiej Case* the sole ground set forth in the petition to set aside the default and vacate the decree was the wife's financial inability to procure counsel, and the trial court found that claim absolutely false. There was no claim of a fraud having been perpetrated on the court, such as is disclosed in the instant case.

The order entered by the circuit judge is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, and DETHMERS, JJ., concurred with NORTH, J.

BOYLES, J. I concur in the result notwithstanding the *Gombasy Case, post,* 139.