BERG *v.* BERG.

APPEAL OF FRANK.

1. DIVORCE—PARTIES—INSANE PERSONS—REHEARING—INTERVENTION
OF WIFE'S SISTER.
 Material allegations of fact in sworn petition, by sister of mental-
 ly-incompetent defendant wife in suit for divorce, to set aside
 decree of divorce and to grant a rehearing are taken as true,
 where petition was denied on ground that divorce statute al-
 lows only the parties to intervene in a divorce case (CL 1948,
 § 552.1 *et seq.*).

2. SAME—DECREE—FRAUDULENT CONCEALMENT—PROPERTY.
 A court of equity has inherent power to void its decree of divorce
 for fraud perpetrated on the court by concealment of facts
 affecting the property rights of mentally-incompetent defend-
 ant wife.

3. SAME—PARTIES.
 There are exceptions to the general rule that the husband and
 wife are the only parties to be recognized in a divorce case,
 such as the prosecuting attorney when the public good re-
 quires his appearance, the State commissioner of revenue as
 public guardian of persons committed to a State institution
 and participants in a conspiracy to defraud wife out of her
 interest in property (CL 1948, §§ 330.21b, 552.45).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4]  17 Am Jur, Divorce and Separation §§ 269–280.
[1, 3, 4]  Attorney general's or other State representative's right to
 intervene in divorce suit.  22 ALR 1112.
 Effect of noncompliance with statute providing for appearance by
 prosecuting attorney or other representative of public in suit for
 divorce.  127 ALR 732.
[2, 5–8]  17 Am Jur, Divorce and Separation §§ 226, 454 *et seq.*, 470;
 28 Am Jur, Insane and Other Incompetent Persons §§ 108, 109,
 118.
[2, 5–8]  Concealment or misrepresentation of financial condition by
 husband or wife as ground of relief from decree of divorce as
 regards property settlement.  152 ALR 190.
[5]  19 Am Jur, Equity § 186.

4. SAME—PARTIES—STATES.

The State is a third party to every divorce case.

5. COURTS—EQUITY—FRAUD—THIRD PERSONS.

The door of the equity court is open to third persons to hear a claim that a fraud has been perpetrated on the court.'

6. INSANE PERSONS—GUARDIAN AD LITEM—APPOINTEES.

A court should appoint the general guardian or some person who could be relied upon to actively protect the interests of a mentally-incompetent person whose property rights are before the court rather than some other person who would be naturally expected to make a merely formal, perfunctory defense.

7. PARTIES—INSANE PERSONS—GUARDIAN AD LITEM.

The statute authorizing the court to appoint a guardian *ad litem* for an insane defendant wife, where no nomination therefor is made within 20 days by anyone other than plaintiff husband in suit for divorce, contemplates that the person appointed shall be a proper person to protect her interests (CL 1948, § 612.30).

8. DIVORCE—REHEARING—CONCEALMENT AS TO PROPERTY—GUARDIAN AD LITEM.

Sworn petition of sister of mentally-incompetent defendant wife in suit for divorce which alleged the withholding from the court in the divorce case of facts relative to the defendant's property rights and which resulted in a decree inequitable to defendant and one which the court might otherwise not have entered but for the concealment, requires setting aside the decree and the granting of a rehearing, and appointment on her petition of a different person than the friend of the court as guardian *ad litem,* where his interest appears to have been limited to seeing to it that plaintiff should be required to reimburse the State for defendant's custodial care while an inmate (Court Rule No 72, § 1 [g] [1945]).

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 13, 1953. (Docket No. 10, Calendar No. 45,437.) Decided April 13, 1953.

Divorce proceedings between Hagbard J. Berg and Dorothy A. Berg. Petition by Ruby Frank, sister of defendant who is confined as criminally insane

person, for rehearing. Rehearing denied. Petitioner appeals. Reversed and remanded for entry of order of rehearing and other appropriate proceedings.

*Walter F. Brackel,* for plaintiff.

*Arnold F. Zeleznik,* for petitioner.

Boyles, J. This is an appeal from an order denying a petition to set aside a decree and grant a rehearing in a divorce case.

On July 22, 1949, plaintiff filed a bill for divorce from the defendant Dorothy A. Berg, who was an inmate of the Ionia State hospital for the criminal insane. On application of the plaintiff, the friend of the court for Wayne county was appointed guardian *ad litem* for the defendant. On July 31, 1950, a *pro confesso* decree for divorce was granted plaintiff on the ground of extreme and repeated cruelty. In the decree, the plaintiff was granted all of their property, including real estate and vendees' interest in a land contract, all personal property, furniture and fixtures, accounts, choses in action, including a life insurance policy on the defendant's life. He was required to pay to the State, through the office of the friend of the court, $213.50 each 3 months (that being the current rate) as alimony for maintenance of the defendant as long as she should be confined in a State institution, and $1 per week for the defendant's personal expenses; also the further sum of $1 in lieu of dower and all other property claims.

About 2 months later, the defendant's sister, Ruby Frank, filed a sworn petition in the case for a rehearing and for the appointment of a different guardian *ad litem* to represent the defendant. She alleged that the defendant was not mentally competent, that while she was an inmate of the said

State hospital the plaintiff had obtained from her 3 deeds to real estate alleged to be worth $25,000; that they also owned, in addition, 10 acres of land purchased by their joint proceeds; that petitioner was informed and believed they also owned a going business; that the defendant had taken out a life insurance policy prior to her marriage, naming the plaintiff as beneficiary after their marriage; that these facts were never disclosed to the court; that the friend of the court did not question the witnesses, and that the fact that the parties were worth, on information and belief, upwards of $40,000 was withheld from the court. The plaintiff filed a sworn answer to the petition, denying the value of the property and the defendant's interest therein, and denying concealment of material property matters from the court.

The court denied the petition for a rehearing, on the ground that the divorce statute* does not allow any but the parties to intervene in a divorce case, relying on *Baugh* v. *Baugh,* 37 Mich 59 (26 Am Rep 495). The petitioner appeals.

The pleadings and the testimony taken in the divorce case do not appear in the record before us. For the purpose of this appeal, material allegations of fact in the petition will be taken as true. It appears from the record that the interest of the friend of the court, as guardian *ad litem* for the defendant, was limited to seeing that the plaintiff should be required to reimburse the State for the current expense of the defendant's custodial care while an inmate of the State institution.

If a fraud has been perpetrated on the court by concealment of facts affecting the property rights of the defendant, the court has inherent power to void its decree.

---

* CL 1948, § 552.1 *et seq.* (Stat Ann § 25.81 *et seq.*).—REPORTER.

"There can be no doubt of the authority of a court of equity to relieve against fraud, even to the extent of setting aside its own decrees when founded thereon. 3 Cooley's note to Blackstone's Commentaries (2d rev ed), p 426; *Jennison* v. *Haire,* 29 Mich 207, 219; *Barr* v. *Packard Motor Car Co.,* 172 Mich 299; 2 Kent's Commentaries (13th ed), p 483; *United States* v. *Throckmorton,* 98 US 61 (25 L ed 93); *Johnson* v. *Waters,* 111 US 640 (4 S Ct 619, 28 L ed 547). The fact that the prayer for relief may be inconsistent is not of consequence. The stating part of the bill itself is what determines its character. Whether plaintiffs are entitled to the whole or any part of the relief prayed for will be determined by the trial court upon a hearing." *Raniak* v. *Pokorney,* 198 Mich 567.

See, also, *Lantinga* v. *Lantinga,* 318 Mich 78.

It is claimed that the petitioner, the sister of the defendant, is not a proper party. It must be conceded that as a general rule *(Baugh* v. *Baugh, supra),* the husband and wife are the only parties to be recognized in a divorce case. There are exceptions. The prosecuting attorney may be required to appear and oppose a decree in any divorce case in which it appears to the court that public good so requires. CL 1948, § 552.45 (Stat Ann § 25.121). The State commissioner of revenue is *ex officio* the public guardian of every patient committed to a State institution, upon whom service of process is required in any proceeding against any patient detained in a State institution. CL 1948, § 330.21b (Stat Ann 1951 Cum Supp § 14.811[1]). Third persons may be made defendants in an action for divorce where it is charged that such persons have conspired with the husband with intent to defraud the wife out of her interest in property. *Peck* v. *Peck,* 66 Mich 586.

This Court has recently reviewed such a case where parties other than the husband and wife were included as defendants. Decision was based on the

conclusion that the trial court had correctly held that wrongdoing or conspiracy was not established by the proofs. *Stephenson* v. *Stephenson,* 334 Mich 528.

The State is a third party to every divorce case. *Herp* v. *Herp,* 254 Mich 33. For cases from other jurisdictions holding third persons proper parties in a divorce case involving property rights, see 102 ALR 814. The door of the equity court is open to hear a claim that a fraud has been perpetrated on the court.

It is also claimed that the court's appointment of the friend of the court as guardian *ad litem* was within its discretion and should not be disturbed.

While a statement in *Erwin* v. *Fay,* 165 Mich 503, may appear to be *obiter dicta,* it should apply to the case at bar:

"We therefore hold that the court acquired jurisdiction over the person of the defendant, and that it was the duty of the court to appoint a guardian *ad litem* to defend the suit. *Van Horn* v. *Hann,* 39 NJ Law 207, 213. We think, however, that the court in such cases should appoint the general guardian or some person who could be relied upon to actively protect the defendant's interests, and not the register of the court or other person who would be naturally expected to make a merely formal, perfunctory defense."

In *Frieseke* v. *Frieseke,* 138 Mich 458, the Court said:

"Under the circumstances we must conclude, even if complainant had made a case entitling him to a divorce, which is extremely doubtful, as we shall hereafter show, defendant had a complete defense to that case in her counter charges, and that the allowance for alimony was grossly inadequate. (For the award of alimony, as will more fully appear here-

after, must have been made on the assumption that complainant was worth about $8,000.)

"It is clear, therefore, that the decree works an injustice to defendant, and it ought to be vacated unless it may be said that she did not avail herself of the proper opportunity to present her testimony. It cannot be said that defendant neglected the proper opportunity to present her case, because she personally did not attend to her defense. She was incapable of doing that. Under the circumstances she had to depend upon the good faith and diligence of her guardian *ad litem.* That guardian *ad litem,* as heretofore stated, was the nominee of complainant, and apparently not a special friend of defendant's. We accept the decision of the trial court, which exonerated said guardian *ad litem* from all charges of bad faith. But if, through his neglect, defendant lost rights because her case was not properly presented, the consequences should be in equity—and this is a suit in equity—be chargeable to complainant, who nominated him, rather than to defendant, who was powerless to act."

While the statute (CL 1948, § 612.30 [Stat Ann § 27.682]) expressly authorized the court to appoint the friend of the court as guardian *ad litem* for the defendant in the instant case (no nomination having been made within 20 days by anyone else than the plaintiff), the statute contemplates that the one appointed for an insane person shall be a proper person to protect her interests. It provides:

"After the service of process   *   *   *   against a defendant who is   *   *   *   insane or otherwise mentally incompetent, said suit shall be defended by the guardian of the estate of such defendant, if there be one; otherwise such suit shall not be further prosecuted until a guardian *ad litem* for such person shall be appointed, in the manner following: If the defendant be an infant more than 14 years of age, he may nominate such guardian *ad litem;* in all other

cases the nomination may be made by the next of kin of said defendant, or any other relative or friend, whom said judge or commissioner may deem a proper person to make such nomination."

In the absence of the pleadings and testimony taken in the divorce case, we conclude from the record before us that the withholding of the facts asserted by appellant in her petition for a rehearing, assuming their truth, was a fraud upon the court, resulting in a decree inequitable to the defendant and one which the court might otherwise not have entered but for the concealment. Such a fraud requires setting aside the decree and the granting of a rehearing, with the ultimate outcome to depend upon the proofs adduced at such rehearing. *Lantinga* v. *Lantinga, supra.*

An order will be entered setting aside the order denying a rehearing and remanding the case for entry of an order setting aside the decree and granting a rehearing and the appointment of a different guardian *ad litem* on appellant's petition,* to represent the defendant in such further proceedings in the case as may be appropriate. Costs to appellant.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

---

* Court Rule No 72, § 1(g) (1945).