YOUNG v. THOMAS S. YOUNG.

1. Equity—Consolidation of Causes—Divorce—Partnership.
    Finding of trial court that consolidation of suit for divorce
    and suit to impress partnership upon a bar business was
    effected by consent thereto in open court *held,* clearly supported
    by the record, such consolidation having taken place to avoid
    a duplication of testimony as to property rights affected.

2. Same—Setting Aside Decree—Rehearing—Time.
    Petition to set aside decree and motion for rehearing of suit to
    impress a partnership upon a bar business were properly
    denied, where petition was filed some 16 months after decree
    had been entered and motion was filed thereafter; there being
    no merit to petitioner's claims of fraud as then made (Court
    Rule No 48 [1945]).

Appeal from Wayne; Murphy (George B.), J.
Submitted April 6, 1955. (Docket No. 22, Calendar
No. 46,279.) Decided June 6, 1955.

Bill by Mary Young against Thomas S. Young and
David Young to impress partnership on a bar busi-
ness. Case tried in conjunction with divorce pro-
ceedings and bill dismissed. Petition by plaintiff to
set aside decree. Petition and motion for rehearing
denied. Plaintiff appeals. Affirmed.

*Bartholomew & Colombo,* for plaintiff.

*Arthur C. Lumley,* for defendants.

References for Points in Headnotes
[1] 1 Am Jur, Actions §§ 92–95.
[2] 3 Am Jur, Appeal and Error §§ 802, 803.

KELLY, J.  On December 12, 1951, the circuit court for the county of Wayne denied appellant's claim that she was a partner with Thomas S. Young in the ownership and operation of the Young Cocktail Bar.

A petition to set aside the decree was filed on April 11, 1953, and denied on May 27, 1953.  Appellant's motion for rehearing was denied on July 10, 1953.

Appellant presents 2 questions to this Court:

(1) Did the trial court err in consolidating appellant's divorce action against her husband, David Young, with her partnership action against Thomas Young?

(2) Did the trial court err in denying her petition to set aside decree on grounds of fraud and misrepresentation?

In regard to the first question it is sufficient to say that the record clearly supports the trial court's statement that:

"When the 2 suits were assigned to this court great pains were taken by the court to discuss the question of consolidating the suits to avoid the duplication of testimony since most of the testimony was alike on the question of property rights.  Both sides through their attorneys, consented in open court to the consolidation of the 2 suits."

Sixteen months after the decree was entered (on April 11, 1953) appellant filed her petition to set aside decree, and her only allegation concerning fraud was:

"That the figures quoted during said testimony was a fraud committed upon the court and a misrepresentation of the true figures and that the fraud and misrepresentation can be substantiated by affidavits of the defense."

This petition to set aside decree was supported by one affidavit, namely, the affidavit of Mary Young, stating:

"That the figures quoted during said testimony were false and a misrepresentation of the true figures."

The court denied the petition to set aside the decree stating that it had lost jurisdiction because of the lapse of time between the entry of the decree and the filing of the petition to set aside the decree.

The court denied the motion for rehearing because "there is no merit to the claims of the plaintiff as set forth in said motion."

The lower court did not err. See Court Rule No 48 (1945); *Lisiak* v. *Lupienski,* 241 Mich 119; *Denby* v. *Ellis,* 245 Mich 124; *Naylor* v. *Washtenaw Circuit Judge,* 250 Mich 698; *North Branch Oil & Gas Co.* v. *Hodges,* 280 Mich 317.

Affirmed, costs to appellees.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.