WEBER *v.* ENOCH C. ROBERTS IRON ORE CO.

1. APPEAL AND ERROR—PERFECTED APPEAL—JURISDICTION.
    When full notice of appeal from decree is given the appeal is perfected and Supreme Court is given jurisdiction although settlement of record on appeal is left for circuit court which, also, has right to grant a rehearing in accordance with court rule (Court Rules Nos. 48, 56 [1931]).

2. SAME—EQUITY—REHEARINGS—COURT RULES.

Motion and amended motion for rehearing filed in equitable action after expiration of time permitted therefor by court rule *held*, properly denied (Court Rule No. 48 [1931]).

3. SAME—EQUITY—REHEARINGS—RECORD.

Portion of record relating to appeal from properly denied motion and amended motion for rehearing in equitable action may not supplement record on appeal from original decree and request to consider the substance of such motions is refused.

4. TAXATION—QUIETING TITLE—NOTICE TO REDEEM.

In suit to quiet title to land purchased at public tax sale, purchaser, in order to establish his title thereto, must give notice of right to redeem to last grantee of record in the regular chain of title by actual or substituted service as provided by statute (1 Comp. Laws 1929, § 3535).

5. SAME—LAST GRANTEE OF RECORD—DEFUNCT FOREIGN CORPORATION.

Finding that now defunct foreign corporation which had not been admitted to do business in this State was the last grantee of record in the regular chain of title, made in suit to quiet title by purchaser at public tax sale *held*, established by concession of then counsel for appellant, grantee of stockholders of said corporation.

6. SAME—NOTICE TO REDEEM—SUBSTITUTED SERVICE.

Requirements of statute providing for service of notice to redeem from tax sale upon last grantee of record in regular chain of title *held*, properly complied with, where such grantee was a now defunct foreign corporation which had not been admitted to do business in this State, sheriff had made return of inability to find it, and notice by publication was ordered and made (1 Comp. Laws 1929, § 3535).

7. SAME—NOTICE TO REDEEM FROM TAX SALE—CORPORATIONS.

Service of notice to redeem from tax sale need not be made upon former stockholders of defunct corporation appearing as last grantee of record in regular chain of title even though no president, secretary, treasurer, or general agent is available for service, hence substituted service by publication is proper, the purpose of the statute being to treat stockholders of such corporation as not successors in title unless so appearing of record (1 Comp. Laws 1929, § 3535).

8. CORPORATIONS—DISSOLUTION—TITLE OF PROPERTY.

In equity, upon dissolution of a corporation, the avails of its property, after payment of its obligations, belongs to its stockholders.

9. TAXATION—SERVICE OF NOTICE TO REDEEM—GRANTEE OF STOCK-HOLDERS OF DEFUNCT CORPORATION.

Service of notice to redeem made upon stockholders of defunct corporation, the last grantee of record in regular chain of title to land sold for taxes, not being necessary, grantee of stockholders has no standing in suit to quiet title by purchaser (1 Comp. Laws 1929, § 3535).

10. CORPORATIONS—DISSOLUTION—REAL PROPERTY—FORMER GRANTOR.

Upon dissolution of a New York corporation there is no reverter of real estate to former grantors (Laws of New York, 1929, chap. 650, art. 2, § 29).

11. SAME—TITLE OF REAL PROPERTY—DISSOLUTION.

No reversion or possibility of reverter remains in grantor who conveys lands absolutely to a corporation having stockholders, since during its existence it is the legal owner and upon dissolution trustees in office hold such title in trust for creditors and stockholders.

12. TAXATION—SERVICE OF NOTICE TO REDEEM—STATUTES.

Statute of this State respecting service of notice to redeem from tax sale of land located herein is controlling as to who are entitled to service of such notice, not what may have happened off the record in another State to title of the property owned by now defunct foreign corporation (1 Comp. Laws 1929, § 3535).

13. APPEAL AND ERROR—TAXATION—QUIETING TITLE—TRIAL.

Grantee of some heirs of former owner of a one-seventh interest in land sold for taxes whose attorney conceded at trial of suit to quiet title by purchaser at tax sale that corporate grantee of owners of remaining six-sevenths interest was the owner of record *held*, bound by such concession.

14. SAME—QUIETING TITLE—VALIDITY OF SALE.

Decree quieting title in purchaser of land at tax sale is affirmed on appeal of grantee of some heirs of owner of one-seventh interest in land, where neither he nor his grantors attacked the validity of tax sale at the hearing (1 Comp. Laws 1929, § 3535).

Appeal from Marquette; Bell (Frank A.), J. Submitted October 11, 1934. (Docket No. 105, Calendar No. 37,671.) Decided January 7, 1935. Rehearing denied March 5, 1935.

Bill by Harry B. Weber against Enoch C. Roberts Iron Ore Company, a dissolved New York corporation, and others to quiet title to land. Decree for plaintiff. Enoch C. Roberts Iron Ore Company and others appealed. Motion for rehearing and amended motion for rehearing denied. Defendant LeVeque appeals from decree and denial of motion and amended motion for rehearing. Affirmed.

*Miller, Eldredge & Eldredge,* for plaintiff.

*Lou J. LeVeque, in pro. per.*

WIEST, J. Plaintiff, purchaser at public tax sales, filed the bill herein to quiet title, so acquired, to 320 acres of unimproved land in Marquette county, and had decree to such effect on November 23, 1932.

December 10, 1932, Lou J. LeVeque, appellant, gave full notice of appeal from the decree. This perfected the appeal and gave the Supreme Court jurisdiction. Court Rule No. 56 (1931). This left, however, a record on appeal to be settled in the circuit court and right to grant a rehearing as hereinafter mentioned. December 19, 1932, plaintiff gave notice of his appearance in the appeal. June 29, 1933, Mr. LeVeque, having dismissed his attorney, filed a motion in person for rehearing, alleging errors, but not newly-discovered evidence. The motion was denied for the following reasons:

"It was conceded on the trial and found by the court that the Enoch C. Roberts (Iron) Ore Company was the owner in the regular chain of title, so

that this defendant has no interest in the property and is not entitled to raise the questions sought to be reviewed.

"The validity of the tax title was not questioned upon the hearing and petitioner is estopped from raising it now.

"This is an attempt to retry the case upon a new theory and another state of facts not presented at the hearing.

"There is no claim of newly-discovered evidence.

"The time for making motions for rehearing had expired under Court Rule No. 48 long before the motion was made."

Court Rule No. 48 (1931) provides:

"SEC. 1. On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within two months from the entry of the final decree, except where application is made on the ground of newly-discovered evidence, in which case the application must be filed within four months."

On September 20, 1933, Mr. LeVeque filed "an amended motion for rehearing." The court denied that motion, stating substantially the reasons heretofore mentioned. Thereupon Mr. LeVeque filed full notice of appeal from the denial of both motions and has incorporated in the record all proceedings had on the motions.

Both motions were properly denied under the mentioned provisions of Court Rule No. 48, and the appeal by the mover from the denial is dismissed and the proceedings had thereon cannot supplement the record on appeal from the decree of November 23, 1932.

The request that we consider the substance of the motions in deciding the appeal from the decree is refused.

This leaves for consideration the appeal from the decree entered November 23, 1932, and the record upon which that decree was based.

Plaintiff, in order to establish his title under the tax deeds, had to give notice of right to redeem by actual or substituted service as provided by statute (1 Comp. Laws 1929, § 3535):

"Upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, or of any interest therein, at the date of the delivery of such notice to the sheriff for service."

The circuit judge found that, at the time the purchases were made and the statutory notices served, defendant, Enoch C. Roberts (Iron) Ore Company, a New York corporation, not admitted to do business in Michigan, nor having any agent here, was the last grantee of record in the regular chain of title. The finding was in accord with the concession of the then counsel for Mr. LeVeque.

Plaintiff set up in his bill on information and belief:

"That the said Enoch C. Roberts Iron Ore Company, defendant herein, was a corporation organized on or about the 17th day of December, A. D. 1907, under the laws of the State of New York; that the existence of said corporation was terminated prior to the 19th day of April, A. D. 1928, pursuant to the statutes of the State of New York in such case made and provided, and said corporation is not now in existence; that said corporation has never been admitted to do business in Michigan, and has not and has never had any officer or agent in this State upon whom service may or might be made."

The sheriff made return of inability to find the Enoch C. Roberts Iron Ore Company in order to make service of the notice. Notice was, therefore, ordered by publication. If, under the circumstances here disclosed, service by publication was proper then defendants have no standing and the decree must be affirmed.

The tax levies were under procedure *in rem* and validity thereof was not affected by dissolution of the corporation. The corporation was dissolved by proclamation of the governor of New York in March, 1926.

Under the terms of our statute (1 Comp. Laws 1929, § 3535) did dissolution of the corporation, without any change in the recorded ownership of the land, require that service be made upon its former stockholders? If it be so held then such a degree of solicitude will defeat, in many instances, the salutary purpose of the law, and entail upon the purchaser endless search for possible claimants undisclosed by any public record. The statute designates, in most instances, the persons entitled to personal or substituted notice and, in case of a domestic corporation, whose corporate existence has expired, if the sheriff makes a return that, upon careful inquiry, he has been unable to find any president, secretary, treasurer or general agent of such company, service of the notice may be made upon such corporation by publication. 1 Comp. Laws 1929, § 3535. This evidences no purpose of treating stockholders of a defunct corporation as owners, as tenants in common, or as equitable owners of the corporate real estate, but, for the purposes of the statute, not successors in title unless appearing so of record in the regular chain of title.

The statute, it is true, does not specifically provide the method of service of the notice, in case of

a dissolved foreign corporation never admitted to transact business in this State and, therefore, never having had a general agent here, but there is good sense in holding that substituted notice, good as to a defunct domestic corporation, fulfills all useful requirements as to a defunct foreign corporation.

The Enoch C. Roberts Iron Ore Company was organized under the law of New York in December, 1909, and was dissolved by proclamation of the governor of that State in March, 1926, evidently for failure to file its annual report.

Mr. LeVeque is the only appealing defendant who has filed a brief. His claim of right, in part, is based on quitclaim deeds from parties tracing rights, if any, to stockholders in the defunct corporation, and acquired by him for the purpose of participating in this suit.

The rights of stockholders in a defunct corporation are asserted under the following provision of the New York corporation law:

"Upon the dissolution of any corporation, its directors, unless other persons shall be designated by law, or by a court of competent jurisdiction, shall be the trustees for its creditors, stockholders or members, and shall have full power to settle its affairs, collect and pay its outstanding debts, and distribute to the persons entitled thereto the assets remaining after payment of debts and necessary expenses. * * *

"Such trustees shall have power in the corporate name by one or more of their number thereunto designated to transfer and convey its property, and may sue and be sued in such name. They shall jointly and severally be accountable to its creditors, stockholders or members, for the property which shall come into their possession." Laws of New York, 1929, chap. 650, art. 2, § 29.

The record does not disclose any disposition of the land in suit under such power, nor acceptance of

the power by the former officers of the defunct corporation.

Under the mentioned statute, upon dissolution of the corporation, it may be said that title to the real estate vested in the trustees, if they accepted the trust, to be disposed of by them and, therefore, never vested in the stockholders *in personam,* or as tenants in common. That statute appears to be in recognition of the rule that, upon dissolution of a corporation, the avails of its property, real and personal, after payment of its obligations, belongs, in equity, to its stockholders, and provides the procedure for conversion thereof, and distribution of the proceeds to the persons entitled to the assets remaining after payment of debts and necessary expenses.

The stockholders of the defunct corporation, so far as the record shows, held no title *in personam* to the land and conveyances by them vested no title thereto in their grantee.

Plaintiff attempted to make personal service upon all living stockholders and heirs and representatives of those deceased. This was wholly unnecessary under our statute as we have pointed out. Mr. LeVeque, as grantee of stockholders, has no standing in the case.

Upon dissolution of the corporation there was no reverter to former grantors.

As said in *Heath* v. *Barmore,* 50 N. Y. 302, and quoted in *People* v. *O'Brien,* 111 N. Y. 1, 57 (18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684):

" 'Upon the dissolution of a corporation, the directors or managers at that time become trustees of its property (unless some other custodian is appointed) for the purpose of paying the debts of the corporation and dividing its property among its

stockholders, and these provisions apply as well to the real estate as to the personal property of corporations. Consequently, where lands are conveyed absolutely to a corporation having stockholders, no reversion or possibility of a reverter remains in the grantor.' ''

In *Central City Savings Bank* v. *Walker,* 66 N. Y. 424, 428, it was held:

''During the life of the corporation the body corporate was the legal owner, and upon the expiration of the charter the legal title vested in the trustees in office, at the time, in trust, for the creditors and stockholders.''

The whole subject, however, is wholly foreign to our tax law and procedure, inclusive of notice of right to redeem to the last recorded grantee in the regular chain of title. Our law governs and not what may, or may not have happened off the record in the State of New York.

The question here is to whom notice must be given under our law and not where title off the record may or may not have vested.

Defendant LeVeque also claims interest under conveyances from Harold M. Roberts and Anna Louise Roberts, two heirs at law of Marie Louise Roberts, deceased, who was devised a one-seventh interest in the land by the will of Enoch C. Roberts, her father. The land was patented to Enoch C. Roberts in 1865. Mr. Roberts died in 1881, leaving the land to his seven children, one of whom was Marie Louise Roberts. Six children or their heirs, but not including Marie Louise, conveyed their interest to Enoch C. Roberts Iron Ore Company. Marie Louise Roberts, by her will, probated in Marquette county in 1886, left her estate to Elizabeth A. Grimes, as executrix and trustee, to pay certain

bequests, and constituted Marie Clarissa Roberts, Helen Louise Roberts, Enoch Cornwall Roberts, Sarah Rebecca Roberts, Edward E. Roberts, Anna Louise Roberts, Harold M. Roberts, Elizabeth A. Grimes, Susan C. Porter, Elizabeth C. Griswold, and Lizzie R. Fitz, residuary legatees. The mentioned residuary legatees, or their heirs were given notice of right to redeem by registered letter or publication.

Mr. LeVeque, after the service of notice upon them by registered mail, obtained quitclaim deeds from several heirs of the estate of Marie Louise Roberts, deceased. Under the deeds Mr. LeVeque placed himself in the shoes of his grantors and was bound by the personal or substituted service made upon them. His grantors made no effort to redeem and Mr. LeVeque did not, at the hearing, attack the validity of the tax levy or the sales upon which plaintiff's title was decreed. He was bound by the concession of his attorney that the Enoch C. Roberts Iron Ore Company was the owner of record of the land.

The record has been examined with care. The decree, under the evidence, issues presented and concessions of counsel representing Mr. LeVeque and others, was fully justified and is affirmed, with costs against defendant LeVeque.

Potter, C. J., and Nelson Sharpe, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.