STABLEY v. RELIABLE LUMBER & WRECKING CORP.

1. EQUITY—DEFAULTS—REHEARINGS—JURISDICTION—COURT RULES.
   Trial court which set aside a default, that had been regularly entered upon plaintiff's failure to answer defendant's cross-bill, upon plaintiff's motion filed over four months after entry of decree awarding defendant affirmative relief, reopened case and granted a rehearing exceeded its jurisdiction to set aside such default in absence of fraud or other charge of that nature and to grant a rehearing even upon the ground of newly-discovered evidence (Court Rules Nos. 28, 48 [1933]).

2. SAME—DEFAULTS—COURT RULES.
   Defaults may be set aside within a period of four months from the entry thereof, on special motion for cause shown, in the discretion of the court, on terms (Court Rule No. 28 [1933]).

3. SAME—REHEARINGS—COURT RULES.

> Motions for rehearings must be made within two months after decree, except on the ground of newly-discovered evidence, and then within four months (Court Rule No. 48 [1933]).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 4, 1938. (Calendar No. 40,071.) Decided November 10, 1938.

Bill by Frank Stabley against Reliable Lumber & Wrecking Corporation, a Michigan corporation, and others. Cross-bill by defendant Reliable Lumber & Wrecking Corporation against plaintiff and others. Default of plaintiff entered on cross-bill and decree entered. Petition of plaintiff to set aside default and decree granted. Defendant Reliable Lumber & Wrecking Corporation reviews by appeal in the nature of mandamus. Reversed.

*Carlyle Michelman* and *Leon H. Lewis,* for plaintiff.

*Prescott, Coulter & Baxter,* for defendant Reliable Lumber & Wrecking Corporation.

WIEST, C. J.   Defendant Reliable Lumber & Wrecking Corporation seeks our writ of mandamus, directing the circuit court for the county of Wayne, in chancery, to vacate the order setting aside the default of plaintiff for failure to answer the cross-bill of defendant, order *pro confesso* entered thereon, hearing had upon proofs, and decree duly granted.

Defendant claims that the mentioned proceedings were regular and plaintiff took no steps to set the default aside within four months from its entry, as required by Court Rule No. 28 (1933), and there being no fraud or charge of that nature involved, the court was without power to set the default aside.

Plaintiff filed a bill of complaint against the defendant corporation and other defendants. The defendants appeared and answered. The answer of the defendant wrecking corporation was also in the nature of a cross-bill asking affirmative relief against plaintiff. This answer and cross-bill was served upon the attorneys for plaintiff but no reply or answer made thereto and, after waiting the proper length of time, plaintiff's default for want of answer to the cross-bill was duly entered. Thereupon the court heard the wrecking corporation's cross-bill and entered decree awarding affirmative relief against plaintiff. After the expiration of four months plaintiff moved to open the default and the court granted the motion and vacated the decree. In support of his motion to open the default plaintiff claimed he supposed his case had been settled, by proposal to such effect, but admitted that he was aware of the wrecking corporation's cross-bill. He must have been aware of the fact that the proposition for settlement of his suit was not accepted and that the cross-bill asked for an accounting and refund of money claimed due.

The circuit court, in ordering the default set aside, stated:

"I question my legal right to set aside this default and decree based thereon. From a perusal of exhibit one, while it appears to be merely an offer of adjustment, I think if I had been confronted with this paper at the time of hearing, I would have been put on inquiry to such an extent as to, on my own motion, call in the necessary parties to explain it. I won't go so far as to say that the defendant or that the plaintiff and cross-defendant was over-reaching. I do say he used very poor judgment in attempting to dispose of the matter himself. He is not blameless at all. He had a competent attorney to look

after his interests but by his conduct made it impossible for his own interests to be best served by counsel; however I am inclined to believe that the situation here demands that I go into this matter in its entirety and try it out on its merits.

"An order may be entered setting aside the various default papers and the decree based thereon, conditioned on the sum of $30 being paid by the plaintiff and cross-defendant to this defendant and cross-plaintiff."

Thereupon counsel for the wrecking corporation stated:

"I seriously doubt, your Honor, that you have any jurisdiction to set aside this default in the absence of the specific finding of fraud upon the court."

To which the court replied:

"Well on this record I cannot, Mr. Coulter, make an absolute finding of fraud, but I do say that on the record made here there is sufficient to warrant the court making a finding that he would like to go into the matter a little more in detail. I say that this situation has been made possible by Mr. Stabley's own conduct, and he should not be made to profit by it at this late date, but in the interest of justice and a desire to see that nothing is—that no one is overreached in the matter, I do want to set it aside and go into the hearing on the merits of this entire matter, because I do think that he has been negligent in his conduct and because I do think he has not been fair to his own counsel."

Proceedings on the default were regular and the court exceeded its jurisdiction, after four months had expired after rendition of the decree, in setting the default and decree aside for the reasons stated.

Court Rule No. 28 (1933) permits the court, within the period of four months from entry thereof, to set

aside defaults, "on special motion for cause shown, in the discretion of the court, on terms."

The application in the instance at bar was not made within four months and the court also went beyond merely setting the default aside and opening the case for framing issues and granted a rehearing by setting aside the decree.

Motions for rehearings must be made within two months after decree, except on the ground of newly-discovered evidence, and then within four months. Court Rule No. 48 (1933).

The circuit court is directed to vacate the order and restore the decree. Appellant will recover costs.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.