CAMPBELL *v.* CAMPBELL.

1. DIVORCE—REHEARING—TIME.

In wife's suit for divorce, court erred in granting rehearing on her petition, filed more than two months and less than four months thereafter but not based on newly-discovered evidence (Court Rule No. 48, § 1 [1933]).

2. SAME—COSTS NOT ALLOWED HUSBAND.

No costs are allowed husband who was successful in procuring reversal of order vacating decree of divorce.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 16, 1940. (Docket No. 142, Calendar No. 40,487.) Decided March 15, 1940.

Bill by Henrietta Brown Campbell against Robert Campbell for a divorce on grounds of cruelty. Decree for plaintiff. On petition to vacate decree and grant rehearing. Decree vacated. Defendant appeals. Reversed.

*Alfred T. DeOtte,* for plaintiff.

*John P. Kirk,* for defendant.

BUSHNELL, C. J. On September 7, 1937, plaintiff filed a bill of complaint for divorce. Her petition for dismissal of the cause was granted on October 21, 1937. On November 23, 1937, at her request, the court entered an order reinstating the proceedings and, after the taking of proofs in open court, a *pro confesso* decree was entered on March 16, 1938, on the ground of extreme cruelty. On July 8, 1938,

plaintiff petitioned the court to vacate the decree and grant a rehearing. Defendant appeared in his own person and opposed plaintiff's motion. After hearing both parties the court entered an order on August 15, 1938, vacating and setting aside the decree of divorce. Defendant appeals from this order, claiming that the court erred in granting a rehearing because more than two months had elapsed between the entry of the decree and the filing of the petition.

Court Rule No. 48, § 1 (1933), provides:

"On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within two months from the entry of the final decree, except where the application is made on the ground of newly discovered evidence, in which case the application must be filed within four months."

Under a former rule (Circuit Court Rule No. 56, § 1 [1916]), rehearings could not be granted unless the application was filed within four months from the entry of the final decree. That rule was considered in *Czarnecki v. Przybyl,* 247 Mich. 438, the court saying:

"Defendants were not entitled to rehearing after the lapse of four months from the entry of the final decree."

See authorities therein cited.

In *Stoutenburg* v. *Stoutenburg,* 285 Mich. 505, 510, the court said, in considering section 1 of Rule No. 48:

"If the amended decree of July 2, 1937, was a decree for alimony or the support of the daughter, contempt will lie and no further amendment was necessary. If it was not such a decree, contempt will not lie and the amendment of November 24, 1937, to the amended decree, was of no effect, since

the time permitted under Court Rule No. 48, § 1 (1933) for application for rehearing had expired when the petition to amend was filed on November 12, 1937.''

In *Stabley* v. *Reliable Lumber & Wrecking Corp.,* 286 Mich. 558, 562, the court said:

''Motions for rehearings must be made within two months after decree, except on the ground of newly discovered evidence, and then within four months. Court Rule No. 48 (1933).''

The trial court erred in granting plaintiff's petition for rehearing.

The decree of divorce was entered March 16, 1937. The application for rehearing was filed July 8, 1937. More than two and less than four months had elapsed. However, the application was not based on the ground of newly-discovered evidence.

The order setting aside the decree is vacated and held for naught, but under the circumstances of the case, no costs will be allowed.

SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.