MOFFATT *v.* MOFFATT.

1. DIVORCE—MODIFICATION OF DECREE—PROPERTY RIGHTS.

    Motion to modify decree awarding plaintiff wife $1 in lieu of dower and all other claims in his property was properly denied where filed over eight months after entry of decree notwithstanding he claimed that service of process was had upon him by publication and not personally (Court Rule No. 48, § 1 [1945]).

2. SAME—PROPERTY—ADEQUACY OF REMEDY AT LAW.

    Where decree of divorce awarded plaintiff wife $1 in lieu of dower and "in full satisfaction of all claims that she may have in any property which the said defendant owns or may hereafter own, or in which he has or may hereafter have any interest," his remedy at law to recover his property of which she may have possession is entirely adequate.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 10, 1948. (Docket No. 51, Calendar No. 44,071.) Decided October 4, 1948.

Divorce proceedings by Iris Moffatt against Oakley C. Moffatt. On motion of defendant to modify decree as it related to property. Motion denied. Defendant appeals. Affirmed.

*Buell A. Doelle,* for plaintiff.

*Norman H. Magel,* for defendant.

BUSHNELL, C. J. Plaintiff Iris Moffatt was granted a divorce from defendant Oakley C. Moffatt on December 26, 1946. The property settlement provision of the decree is as follows:

"It is further ordered, adjudged and decreed that the said Oakley C. Moffatt pay to the said Iris Moffatt the sum of $1, and that this provision made for the said plaintiff herein shall be in lieu of her dower in the lands of her husband, the said defendant, and that he shall hereafter hold his remaining lands free, clear and discharged from any such dower right or claim and said provision shall also be in full satisfaction of all claims that she may have in any property which the said defendant owns or may hereafter own, or in which he has or may hereafter have any interest."

No other mention is made in the divorce decree of a settlement of the property rights of the parties. On September 9, 1947, a motion, entitled, "Motion to modify decree re property," was filed by Moffatt, stating that certain personal property belonging to him remained in plaintiff's possession, that defendant has not had his day in court, and that he has been denied certain valuable property rights. He requested that the decree be modified to the extent that the plaintiff be required to turn over to him such of this property as shall be deemed equitable and proper.

Plaintiff moved to dismiss Moffatt's motion and at the same time filed an answer to it. The friend of the court recommended that Moffat's motion be denied, and on January 19, 1948, an order was entered denying the motion. The appeal is from this order.

It is claimed by Moffatt that notwithstanding the provisions of Court Rule No. 48, § 1 (1945), of the Michigan Court Rules, which reads:

"On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within 2 months from the entry of the final decree, except where application is made on the ground of newly-

discovered evidence, in which case the application must be filed within 4 months,"

and the various authorities cited by plaintiff and relied upon by the court below, that the requested relief should have been granted. This claim is based upon the fact that service was had upon the defendant by publication and not personally.

There is little merit to defendant's contention with respect to his right to a modification of the decree in the light of such authorities as *Kutchai* v. *Kutchai,* 233 Mich. 569; *Cadotte* v. *Cadotte,* 120 Mich. 667; *Gundick* v. *Gundick,* 208 Mich. 34; *Winter* v. *Winter,* 270 Mich. 707; *McFarlane* v. *McFarlane,* 298 Mich. 595; *Stoutenburg* v. *Stoutenburg,* 285 Mich. 505; *Stellwagen* v. *Stellwagen,* 277 Mich. 412; *Ratcliffe* v. *Ratcliffe,* 308 Mich. 488; and *Kutiej* v. *Kutiej,* 317 Mich. 269.

Defendant claims that his legal remedy is inadequate. On the contrary, it would seem that, because of the provisions of the decree pertaining to property, the legal remedy is entirely adequate. If the allegations of defendant's motion are proper, it is clear that, under the language of the decree referring to property settlement, he would have an action to recover those items of property "which the said defendant owns or may hereafter own, or in which he has or may hereafter have any interest."

Defendant is mistaken in his remedy, for in seeking the present relief, he is attempting to accomplish no more than was reserved for him by the language of the decree.

The order dismissing defendant's motion is affirmed, with costs to plaintiff.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.