DOMZALSKI v. DOMZALSKI.

1. DIVORCE—PLEADING—DIVISION OF PROPERTY—FRAUD.
   Charge that trial court's division of property in suit for divorce
   was a fraud on plaintiff was a statement of a conclusion,
   where not supported by any allegation of facts or proofs
   amounting to fraud.

2. SAME—DIVISION OF PROPERTY—FRAUD—DELAY—REHEARING.
   A claim of fraud in the division of property in suit for divorce,
   made on motion for rehearing that was filed more than 2
   months after entry of decree, came too late, where unsupported
   by averments of newly-discovered evidence, facts constituting
   fraud, lack of jurisdiction, or entry of a decree contrary to
   law (Court Rule No 48, § 1 [1945]).

3. SAME—COSTS.
   No costs are allowed upon affirmance of decree of divorce to
   wife, where she has appealed.

Appeal from Wayne; Jayne (Ira W.), J. Submitted July 6, 1956. (Docket No. 46, Calendar No. 46,836.) Decided September 4, 1956.

Divorce proceedings by Henrietta B. Domzalski against Casimir A. Domzalski. Following decree for defendant on cross bill, plaintiff made motion and petition for modification and rehearing in respect to property matters. Petition denied. Plaintiff appeals. Affirmed.

*Frank J. Sheets,* for plaintiff.

*Leithauser, Leithauser & Tobias,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Divorce and Separation § 469 et seq.
[3] 17 Am Jur, Divorce and Separation § 580.

Dethmers, C. J. On March 4, 1955, a decree entered determining plaintiff wife to have been guilty of desertion and granting defendant husband a divorce. On March 5, 1955, proof of service of copy of decree and of notice of entry of decree upon plaintiff's counsel was filed. On May 17, 1955, plaintiff filed a motion for rehearing and modification of decree's provisions respecting property settlement and alimony.

Plaintiff says that the record discloses assets of parties at time of trial totaling $386,000 and that the decree awarded her a property settlement of $112,-800; that parties were married 30 years and plaintiff helped rear not only their 3 children but 2 of defendant's children by a former marriage; that the court erred in incorporating into the decree the provisions of a property settlement agreement which covered the properties owned by the parties by the entireties, valued at $311,500, but which did not make reference to property owned by defendant worth some $75,000, and which plaintiff had repudiated before decree; that the court's division of the property between the parties was inequitable and a fraud upon plaintiff.

There was no showing of concealment of any of defendant's property from plaintiff or from the court. Upon denying the motion for rehearing and modification the trial court stated that, in determining upon the provisions of the decree, it had considered the property settlement agreement repudiated and not binding, but that its provisions coincided with the court's views as to an equitable division of the property and that, hence, the court had decreed accordingly. Plaintiff appeals.

The charge that the court's division of the property was a fraud on plaintiff is a statement of conclusion, unsupported by any allegation of facts or proofs amounting to fraud. In the absence of aver-

ments of newly-discovered evidence, facts constituting fraud, lack of jurisdiction, or of entry of a decree contrary to law, or a showing of gross injustice, the motion for rehearing, filed more than 2 months after entry of decree, comes too late under Michigan Court Rule No 48, § 1 (1945). *Central Trust Co.* v. *Breitenwischer,* 259 Mich 532; *Weber* v. *Enoch C. Roberts Iron Ore Co.,* 270 Mich 38; *Stabley* v. *Reliable Lumber & Wrecking Corp.,* 286 Mich 558; *Campbell* v. *Campbell,* 292 Mich 547. See, also, *Moffatt* v. *Moffatt,* 322 Mich 555.

Affirmed, without costs.

SHARPE, SMITH, EDWARDS, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.