BRIN v. SPRUANCE.

1. SPECIFIC PERFORMANCE—CONTRACT TO PURCHASE GASOLINE STATION
   BUSINESS—DEFINITENESS.
   Owners of gasoline station business and realty upon which it
   was conducted were not entitled to refuse to carry out agree-
   ment resulting from their acceptance of offer that was definite
   in amount for the business, fixtures, equipment and stock, not-
   withstanding they had not expressly approved the inventory
   accompanying the offer.

2. SAME—RELIEF AS TO PART OF PROPERTY.
   Fact that plaintiff could not establish his right to specific per-
   formance as to 1 of 5 lots called for in his offer to purchase
   that had been accepted by defendant owners of the 4 lots
   would be no bar to granting him relief as to the property ap-
   pellant owners could convey and to require them to perfect
   their title if defects exist therein.

3. SAME—DEFINITENESS—CONVEYANCE OF PERSONAL PROPERTY.
   Claim that unambiguous and complete purchase agreement to
   purchase gasoline station business and real estate upon which
   it was conducted lacked sufficient certainty and definiteness
   to be specifically enforced held, untenable, where the offer
   specifically described the property, the price, terms and time
   of payment and which offer was accepted by defendant owners;
   the fact that it contemplated the execution of a land contract
   and contemplated the conveyance of personal property present-
   ing no objection to enforcement.

4. SAME—VALUE—EVIDENCE.
   Claim of error in permitting plaintiff to testify as to value of
   lot omitted from decree for specific performance, because of

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur, Specific Performance § 92 et seq.
[2] 49 Am Jur, Specific Performance § 102.
[3] 49 Am Jur, Specific Performance § 22 et seq.
[4] 20 Am Jur, Evidence § 897.

failure to show his qualifications to testify as to value, *held*, not error, where agreement covered 5 lots, his testimony related to effect of the omission on the entire parcel and his testimony indicated he had operated filling stations at other locations, giving him sufficient knowledge on the subject matter to entitle him to express an opinion.

5. SAME—EQUITY—TIME OF PERFORMANCE.

Provisions of decree designed to prevent either party to suit for specific performance from suffering prejudice or gaining an unconscionable advantage because of defendants' failure to perform agreement for sale of gasoline station business and realty upon which it was located at time provided in the agreement were not inequitable.

Appeal from Wayne; Edwards (George), J. Submitted January 15, 1957. (Docket No. 72, Calendar No. 47,073.) Decided February 28, 1957.

Bill by Jack Brin against Delmos M. Spruance and Opal D. Spruance and others for specific performance of contract to sell gasoline station business and accompanying real estate. Decree for plaintiff. Defendants appeal. Affirmed.

*Hand, Sullivan, Hull & Kiefer*, for plaintiff.

*Donald Wm. Sargent* (*Walter A. Kuck*, of counsel), for defendants.

CARR, J. Plaintiff brought this suit in circuit court for the purpose of obtaining a decree for the specific performance of an agreement for the purchase and sale of certain real estate and personal property. The material facts are not in dispute. Under date of June 29, 1955, defendants Delmos M. Spruance and his wife gave an exclusive listing for a period of 6 months to the Elsea Realty & Investment Company for the sale of a gasoline station business located at 1240 East State Fair avenue, Detroit, Michigan, describing the real estate covered

as lots 266–270 Washington Boulevard Subdivision. Through the efforts of a salesman of the realty company plaintiff submitted a written offer for the purchase of the business, stock, fixtures, equipment, and the lots described.

The filling station was located on the first 2 of said lots, the others being used for driveway and parking purposes. The offer specified the sum of $6,000 in cash for the business and personal property incident thereto, and the further consideration of $16,500 for the real estate, the purchase of the lots to be made under a land contract with a $2,000 down payment and monthly payments thereafter of not less than $145 each with interest at the rate of 6% per annum. Said offer was made to defendants Delmos M. Spruance and wife under date of September 9, 1955, and was accepted by them in writing on September 21st following.

The contract as written made reference to "fixtures and equipment as per attached inventory, if any" with a further statement in parentheses to the effect that the stock should be inventoried prior to or at time of consummation of sale. The acceptance of the offer specified that the transaction should be closed on October 1, 1955, or thereafter, but no later than November 1, 1955. An appointment was made for the parties to meet at 4 p.m. on November 1, 1955, but the defendants Delmos M. Spruance and his wife were not present. The record indicates that papers that had been prepared for execution were taken by the attorney for Delmos M. Spruance for presentation to his client. Said papers were not signed or returned. It appearing that defendants did not intend to complete the transaction, plaintiff instituted the present suit, alleging in his bill of complaint the making of the offer, the acceptance thereof, his willingness and readiness to consummate the transaction, and the refusal of defendants

to do so. The answer filed to the bill admitted the offer and the acceptance, and averred the willingness of defendants Delmos M. Spruance and wife to complete the transaction at any reasonable time, charging in general terms that plaintiff had failed to carry out the obligations resting on him.

Having ascertained that the legal title to lot 268 was in Herbert Spruance, plaintiff filed an amended bill of complaint, following a pretrial hearing, alleging, in substance, that while the title to said lot was in the name of Herbert he was actually holding the same as agent of the defendants Delmos M. Spruance and wife, and that there was an understanding to the effect that upon the sale of the premises Herbert Spruance and his wife Marie Spruance would quitclaim said lot to defendants Delmos M. Spruance and wife. On stipulation of the parties an order was entered permitting Herbert Spruance and wife to be added as parties defendant, and allowing the amendment of the bill of complaint in such manner as to set forth the facts claimed by plaintiff. The defendants by answers to the amended bill denied any agency relation between them, and defendants Herbert Spruance and his wife further set forth the affirmative defense that they had not signed any written agreement for the sale of their interest in lot 268.

On the trial of the case plaintiff testified in his own behalf and also produced the real-estate salesman who was responsible for bringing the parties together. The latter testified that several days after November 1, 1955, he discussed the matter with defendant Delmos M. Spruance, asked the latter what he intended to do, and was advised by said defendant that he was not going through with the deal if he could help it, the reason given being that he had a better offer. Defendants offered no testimony.

Plaintiff having failed to establish that he was entitled to relief as against Herbert Spruance and wife, the trial court ordered the case dismissed as to them. Decree was entered against the other defendants for the specific performance of the agreement with reference to the personal property and the lots other than 268. A deduction in the purchase price of the land in the sum of $2,000 was ordered, based on the finding that the omission of said lot decreased the value of the real estate in that sum. Because of the delay in the carrying out of the contract, brought about by the refusal of the defendants to consummate the transaction at the appointed time, the trial judge deemed it necessary to provide for a joint inventory of salable stock and gasoline at the station, to the end that an equitable result might be reached. Motion for a new trial was made and denied. From the decree entered defendants Delmos M. Spruance and wife have appealed, claiming that the agreement between the parties was not sufficiently certain and definite as to justify a decree for specific performance.

At the time plaintiff's offer to purchase was delivered to the appellants it was accompanied by a list of personal property that plaintiff evidently understood was used in connection with the operation of the gasoline station. As before noted, the written offer made reference to such possible list. Defendants accepted the offer, but did not expressly approve the inventory. The testimony of the real-estate salesman indicates that some question was raised with reference to the ownership of a certain vending machine, the exact nature of which the record fails to show. There is no proof as to the value of the article in question nor as to its actual ownership. The offer to purchase submitted by plaintiff made no reference to an appraisal. There is nothing to indicate that the parties had any such action

in contemplation. The offer was definite in amount
for the business, fixtures, equipment and stock.
Appellants accepted that offer and consequently
were not entitled to refuse to carry out their agree-
ment in the face of plaintiff's demand that they do
so.

Attention is also directed to the fact that legal
title to lot 268 was in Herbert Spruance, and that
the decree refers to a land contract covering the
other 4 lots. The fact that plaintiff could not estab-
lish his right to specific performance as to all of the
real estate described in the agreement was not a
bar to granting him relief as to the property that
appellants can convey. *Borkowski* v. *Kolodziejski,*
332 Mich 589. As to the 4 lots covered by the de-
cree, it is not denied that appellants may perform
their undertaking with the plaintiff. Having the
power to perfect their title, if defects still remain
at the present time, it is equitable that they should
do so. *Brin* v. *Michalski,* 188 Mich 400.

The claim that the agreement between the parties
lacks sufficient certainty and definiteness to permit
it to be specifically enforced is not tenable. The
offer which appellants accepted specifically de-
scribed the property, the price to be paid therefor,
and the terms of payment. Neither was there any
uncertainty with reference to the time of perform-
ance of the agreement. The undertaking into which
the parties entered is in terms unambiguous and
complete. The fact that the offer and acceptance
contemplated the execution of a land contract pre-
sents no objection to its enforcement. *Brin* v.
*Michalski, supra; Ogooshevitz* v. *Arnold,* 197 Mich
203; nor is it a bar to specific performance that the
conveyance of personal property was a part of the
undertaking. *Milner Hotels, Inc.,* v. *Ehrman,* 307
Mich 347. Among other decisions recognizing the
principles that are applicable in determining wheth-

er a contract is of such nature and clarity as to justify specific performance in equity are *Bushman* v. *Faltis,* 184 Mich 172; *Janiszewski* v. *Shank,* 230 Mich 189; *Waites* v. *Miller,* 244 Mich 267; *Himelson* v. *Galusz,* 309 Mich 512. The decision in *Bartos* v. *Czerwinski,* 323 Mich 87, to which our attention is directed by counsel, is distinguishable from the case at bar on the basis of the factual situation there involved.

Plaintiff was allowed to testify, over objection, as to the decreased value of the real estate with lot 268 omitted. It was his judgment that such decrease would be at least the sum of $2,000. The price as fixed by the decree for the purchase of the real estate under the land contract was determined accordingly. Appellants suggest that the admission of this testimony was error in that plaintiff's qualifications to testify with reference to the value of real estate were not shown. However, the question did not relate to the value of lot 268 but, rather, to the effect of its omission on the parcel of 5 lots covered by the agreement of purchase and sale. Plaintiff's testimony indicated that he had operated filling stations at other locations, and it may be assumed that he had sufficient knowledge on the subject matter to entitle him to express an opinion as to the precise question at issue.

As before noted, the trial court recognized in the decree entered that because of appellants' refusal to complete the transaction on November 1, 1955, changed conditions required the insertion of provisions designed to protect the rights and equities of the parties to the end that neither might suffer prejudice or gain an unconscionable advantage. The insertion of such provisions did not involve changing the agreement between plaintiff and the appellants, but was designed merely for the purpose suggested. Appellants are not in position to complain because

the decree recognized the situation resulting from their refusal to perform their agreement in accordance with its terms. Other questions suggested by counsel in their briefs do not require discussion. . The decree is affirmed, with costs to plaintiff.

DETHMERS, C. J., and SHARPE, SMITH, VOELKER, KELLY, and BLACK, JJ., concurred.

EDWARDS, J., did not sit.