### BRIN v. SPRUANCE.

1. EQUITY—REHEARING—COURT RULES.
   Motion for rehearing was properly denied in chancery suit, where neither such motion nor a motion to amend the decree was filed within the time allotted by court rule (Court Rule No 48 [1945]).

2. SPECIFIC PERFORMANCE—DEPOSIT OF PURCHASE MONEYS—REHEARING—COURT RULES.
   Purchase money payments paid into court by purchaser under land contract, calling for conveyance of 5 lots at a specified price, and who had obtained decree of specific performance of such contract as to 4 lots with $2,000 less price, are ordered turned over to defendant vendors, where no rehearing or amendment of decree was sought within time permitted by court rule (Court Rule No 48 [1945]).

Appeal from Wayne; Targonski (Victor), J. Submitted October 9, 1958. (Docket No. 26, Calendar No. 47,644.) Decided December 3, 1958.

Bill by Jack Brin against Delmos Spruance and Opal D. Spruance resulted in decree for plaintiff

which was affirmed on appeal. Defendants moved for release to them of funds on deposit with county clerk under court order. Motion denied. Defendants appeal. Reversed and remanded.

*Donald Wm. Sargent,* for defendants.

Kavanagh, J. This matter was originally heard in the Wayne circuit court by the Honorable George Edwards, circuit judge, now Justice of the Supreme Court, on a bill for specific performance and thereafter reviewed by this Court in *Brin* v. *Spruance,* 348 Mich 29, wherein this Court upheld the decree of Judge Edwards.

Plaintiff entered into a contract to purchase lots 266, 267, 268, 269, and 270 of a subdivision in the city of Detroit from defendants Delmos M. Spruance and Opal D. Spruance, his wife. A gasoline station business is situated on lots 269 and 270. Two 1,000-gallon gasoline tanks are located on lot 268 and are used in the business. This lot is owned by Herbert Spruance and Marie Spruance.

Defendants Herbert Spruance and Marie Spruance did not sign the preliminary agreement. Delmos M. Spruance and Opal D. Spruance refused to close the transaction because they did not have title to lot 268. A bill of complaint for specific performance was brought against Delmos M. and Opal D. Spruance. Before trial Herbert and Marie Spruance were added as defendants.

The matter came on for trial on March 22, 1956. The stipulations and discussions entered into before the court indicate that plaintiff knew not only that the 2 gasoline tanks were located on lot 268, but was aware that the title was not in the present defendants. The court on hearing dismissed the action against the owners of lot 268, namely, Herbert and Marie Spruance.

During the trial the court qualified the plaintiff as an expert on the value of the gasoline station business. Plaintiff then testified that the value of the business would be decreased by $2,000 if lot 268 were not conveyed to him. The following colloquy was carried on between the trial court and plaintiff Jack Brin:

*"The Court:* Do you have an opinion, Mr. Brin, as to how much the value of this property will be decreased if that middle lot is not conveyed to you?

*"A.* The value of the property will definitely be decreased.

*"The Court:* I asked you whether you had an opinion as to how much it would be decreased.

*"A.* As to how much? It would be decreased at least by $2,000."

At the close of the trial the plaintiff brought up the question of the 2 gasoline tanks on lot 268. The original transcript discloses the court said:

"The court is well aware that it would not be possible for the court to enforce this order as to the fifth lot against these 2 defendants alone. Hence in the alternative, on their failure to tender title to lot 268, the purchase price of this *entire business* may be reduced by $2,000, as damages to the purchaser for sellers' failure to convey that which they undertook to convey and warranted they would convey." (Emphasis ours.)

Mr. Sher, attorney for plaintiff, raised the question of 3 gasoline tanks, and the following colloquy took place between Mr. Sher and the court:

*"Mr. Sher:* It is part of the inventory here. The inventory calls for three 100-gallon [1,000?] tanks. We are only going to get 1, and the plaintiff will have to, at his expense, buy 2 tanks and locate them on his property.

*"The Court:* I am not going to go any farther now and reopen this matter. The case has been presented."

Decree was entered on April 13, 1956, and a supplemental decree was entered on April 27, 1956. A motion for new trial made by defendants was denied on May 18, 1956, and thereafter appeal was made to the Supreme Court. The lower court's decree was upheld in *Brin* v. *Spruance,* 348 Mich 29.

Pending the appeal, plaintiff made payments on the land contract to the Wayne county clerk. The Wayne county clerk has in his possession all moneys paid by plaintiff as down payment on this property and, also, the monthly payments, and to date the defendants have not received any moneys whatsoever from the sale of their property although plaintiff has been in possession since August 8, 1956. Since that time he has used the gasoline tanks buried under lot 268 and is continuing to use them.

After the Supreme Court affirmed the decree for specific performance, the defendants brought a motion for an order directing the county clerk to pay over the down payment and the accumulated moneys on deposit.

Plaintiff, answering this motion on May 22, 1957, claimed, among a large number of other things, that defendants had not performed the conditions of the preliminary agreement of sale in that they had failed to deliver or convey the title to 2 gasoline tanks buried under lot 268. Plaintiff further claimed that he did not know the location of these tanks until August 8, 1956, when he went into possession.

The motion was heard on June 4, 1957, and the court filed an opinion on July 23, 1957, finding that defendants were unable to convey title to 2 gasoline storage tanks, which are a part of the personal prop-

erty to be conveyed to plaintiff, and that defendants had not furnished plaintiff with a sales tax clearance.

At the time the court entered this order dismissing defendants' motion there was over $7,000 on deposit with the county clerk and the defendants still have received nothing for their land or for their business.

Defendants filed a motion for a rehearing, attaching a copy of the sales tax clearance dated January 29, 1957, and a copy of the bill of sale as exhibits thereto. This motion was denied on November 18, 1957.

Defendants appeal to this Court from the denial of their motion to pay over moneys held by the Wayne county clerk.

It is undisputed on the record that plaintiff knew of the location of these tanks prior to trial; that the matter was brought up by plaintiff's attorney at the close of the trial and the court refused to go into the matter. It is further noteworthy that plaintiff testified that the property would be decreased by $2,000 if lot 268 were not conveyed to him.

A reading of the record indicates that Judge Edwards decreased the purchase price by $2,000 to cover the inability of the defendants to deliver lot 268 and the tanks involved. Plaintiff did not ask for a rehearing or bring up this matter for more than 1 year later.

Court Rule No 48 (1945) provides as follows:

"Sec. 1. On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within 2 months from the entry of the final decree, except where application is made on the ground of newly-discovered evidence, in which case the application must be filed within 4 months."

The same rule also provides that bills of review are abolished.

No claim for rehearing having been filed, and no motion to amend the decree having been made within the time allotted by the court rule. the defendants' motion should have been granted. *Hughes* v. *Wayne Circuit Judge*, 239 Mich 110; *Central Trust Co.* v. *Breitenwischer*, 259 Mich 532; *Weber* v. *Enoch C. Roberts Iron Ore Co.*, 270 Mich 38; *Stabley* v. *Reliable Lumber & Wrecking Corp.*, 286 Mich 558; *Campbell* v. *Campbell*, 292 Mich 547; *Havens* v. *Havens-Anthony*, 335 Mich 445; *Miles* v. *Harkins*, 335 Mich 453; *Taylor* v. *Lint*, 338 Mich 673; *Domzalski* v. *Domzalski*, 346 Mich 399.

The order denying defendants' motion is reversed and the matter is remanded to the circuit court for entry of an order directing the county clerk of Wayne county to pay over to defendants all of the moneys on deposit with him in this cause. Defendants shall have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and VOELKER, JJ., concurred.

EDWARDS, J., did not sit.